(45 Misc. 340)

### STECHER v. INDEPENDENT ORDER FREE SONS OF JUDAH.

(Supreme Court, Appellate Term. November 10, 1904.)

1. JUDGMENTS—RES JUDICATA—SCOPE OF ADJUDICATION—EVIDENCE.
   The scope of an adjudication in the Municipal Court may, in general, be determined by resort to the minutes of the trial.

2. MUNICIPAL COURTS—APPLICABILITY OF CODE PROVISIONS.
   Code Civ. Proc. § 1209, providing that a final judgment dismissing the complaint does not prevent a new action for the same cause of action unless it expressly declares, or it appears by the judgment roll, that it is rendered upon the merits, which section is part of chapter 11, tit. 1, art. 1, of the Code of Civil Procedure, which by section 3347, subd. 8, is expressly limited in its application to judgments rendered by the Supreme Court, the City Court of New York, or one of the County Courts, has no application to the Municipal Court of the city of New York.

Appeal from City Court of New York, Special Term.

Action by Hirsch Stecher against the Independent Order Free Sons of Judah. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Alfred B. Jaworower, for appellant.
Frank Herwig, for respondent.

BISCHOFF, J. To an action upon a benefit certificate issued by defendant association the defense of a former adjudication was interposed, and upon the trial the defendant offered in evidence the

original summons in an action between these parties, admittedly upon the same cause of action, on which summons appeared the indorsement of the decision by the justice of the Ninth Municipal Court: "Judgment for defendant dismissing plaintiff's complaint." This paper was admitted in evidence, and defendant then offered a conceded copy of the minutes of the proceedings had before the justice in such action for the purpose of showing that the judgment was rendered for a dismissal of the complaint upon the merits. The minutes were excluded under exception, and thereafter, both sides having moved for a direction of a verdict, the Justice directed a verdict for the plaintiff.

In general, the scope of an adjudication in the Municipal Court may be determined by resort to the minutes of the trial in view of the informality of the pleadings and proceedings in that court (Seed v. Johnston, 63 App. Div. 340, 71 N. Y. Supp. 579), and, it being conceded in this case that the minutes offered afforded competent proof of the fact of what took place at the trial, the exclusion of the evidence must find its justification, if at all, in the provisions of section 1209 of the Code of Civil Procedure, which provides that "a final judgment, dismissing the complaint, either before or after a trial rendered in an action hereafter commenced, does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment roll that it is rendered upon the merits." If this section applied to a judgment of the Municipal Court, no proof, apart from the judgment roll itself, would be admissible for the purpose of adding the words "upon the merits," or words of similar purport to what the judgment roll expresses, since the statute makes the judgment roll conclusive; but this section, which is a part of article 1 of title 1 of chapter 11 of the Code of Civil Procedure, is expressly limited in its application to judgments rendered by the Supreme Court, the City Court of New York, or one of the County Courts. Code Civ. Proc. § 3347, subd. 8. The question, therefore, as to whether the judgment of the Municipal Court was or was not upon the merits was a matter for proof in the ordinary course, and the judgment roll was not necessarily conclusive. Our conclusion is that error was committed in the exclusion of the minutes of the trial had before the Justice of the Municipal Court, and that there must be a new trial.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.