(52 Misc. Rep. 552)

ROTHSTEIN et al. v. STEINBUGLER.

(Supreme Court, Appellate Term. February 11, 1907.)

JUDGMENTS—RES JUDICATA—ISSUES.

A former action was brought by plaintiffs against defendant to recover rent: the verified affidavit reciting that plaintiffs' occupancy was from month to month at the rate of $123.50 per month, payable in advance. On this complaint judgment was entered for plaintiffs by default for $133.57, which defendant paid into court. *Held*, that as the nature of the tenancy, whether by the month or the year, was not necessary to determine the tenants' liability for rent, which did not appear from the record of such action, the judgment was not res judicata of such issue in a subsequent dispossession proceeding.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1268.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Summary dispossession proceedings by Sam Rothstein and another against John Steinbugler, Jr. From a judgment and final order in favor of the tenant, the landlords appeal. Affirmed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Morris Meyers, for appellants.

Leopold W. Harburger, for respondent.

MacLEAN, J. The landlords by verified petition, claiming their tenant was a tenant from month to month, sought to dispossess him on the ground that he· was a hold-over. The tenant by verified answer, among other things, denied that he was a monthly tenant. The only proof of the nature of the tenancy was the introduction in evidence of the summons and complaint in a prior action between the same parties to recover for rent due. That complaint was verified, and recited:

"Such occupation and tenancy being from month to month, and being at the rate of one hundred and twenty-three dollars and fifty cents ($123.50) per month, payable in advance, on the first of each and every. month during which said defendant occupied said premises."

On the reverse of the summons was indorsed:

"Judgment for the plaintiff for damages, costs, and extra costs, in the sum of $133.57."

The defendant defaulted, but, as appears from the summons, paid that amount into court. Such proof the trial justice properly held insufficient to establish a monthly tenancy in the present dispossess proceeding; for, though res adjudicata applies to judgments rendered upon default (Brown v. Mayor, 66 N. Y. 385, 390), it applies only and finally to every fact decided that had relation to the issue and necessary to its determination (House v. Lockwood, 137 N. Y. 259, 268, 33 N. E. 595). The nature of the tenancy, whether by the month or the year, was not necessary to determine liability for rent alleged to be due, and from the record of that action introduced herein the nature of the tenancy does not appear. The judgment should therefore be affirmed, with costs.

Judgment and final order affirmed, with costs. All concur.