(56 Misc. Rep. 524.)

## COHEN et al. v. BACHRACH.

(Supreme Court, Appellate Term. November 29, 1907.)

1. JUDGMENTS—CONCLUSIVENESS—DISMISSAL.

Dismissal of a complaint as to a defendant is not a bar to another action, unless the dismissal was on the merits.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1028, 1032, 1034.]

2. COURTS—NEW YORK MUNICIPAL COURT—APPLICABILITY TO CODE PROVISIONS.

Code Civ. Proc. § 1209, providing that a final judgment dismissing a complaint does not prevent a new action on the same cause, unless it expressly declares or it appears by the judgment roll that it was rendered on the merits, has no application to the Municipal Court of New York City.

3. JUDGMENT—NEW YORK MUNICIPAL COURT—DISMISSAL—SCOPE OF ADJUDI-
    CATION—CONCLUSIVENESS OF JUDGMENT ROLL.
        In an action in the City Court of New York the question whether a dis-
    missal of an action in the Municipal Court was upon the merits is a mat-
    ter of proof, and the judgment roll is not necessarily conclusive.
        [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§
    1822–1825.]

4. SAME—DISMISSAL ON MERITS—SUFFICIENCY OF EVIDENCE.
        In an action in the City Court of New York on an alleged oral contract
    of suretyship, it appeared that a prior action in the Municipal Court on
    the same cause had been dismissed as to B., the defendant in the instant
    case, and that the only evidence in the former action as. to B.'s liability
    was the testimony of a plaintiff that B. said, "You should continue the
    work, and I will see to it," but B. denied that he had ever had a contract
    with plaintiffs, and at the end of the trial plaintiffs' counsel asked, "Does
    your honor find there was no contract between plaintiffs and B.?" to which
    the court replied, "Yes, sir; I shall find as a matter of fact. I do not think
    you have sufficiently sustained the burden of proof." *Held*, that the Mu-
    nicipal Court judgment was on the merits, and barred the action in the
    City Court.

Appeal from City Court of New York.

Action by Isaac Cohen and another against Abraham M. Bachrach.
From a judgment for defendant and an order denying a new trial,
plaintiffs appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and
ERLANGER, JJ.

Alderman & Alderman (Joseph Fischer, of counsel), for appellants.
Philip S. Seligman (Max D. Steuer, of counsel), for respondent.

GILDERSLEEVE, P. J. The action is brought to recover the sum
of $400. Plaintiffs had a contract with one Pollack and one Good-
man to do certain work on a building. Pollack and Goodman got
into financial troubles, and defendant, according to plaintiffs' claim,
promised that he would pay to plaintiffs all money due or to become
due under their contract with said Pollack and Goodman, if plaintiffs
would complete their work to be done under said contract, and plain-
tiffs claim that they did complete, and earned the $400 which they
seek to recover. Defendant puts in issue the claim of the plaintiffs,
and sets up the defense of res adjudicata. The court below held that
a judgment of the Municipal Court, rendered in an action between
these plaintiffs, as plaintiffs, and this defendant, said Pollack, said
Goodman, and the Ogden Lumber Company, as defendants, was a
complete bar to plaintiffs' cause of action herein, and the court directed
a verdict for defendant. Plaintiffs appeal.

The action in the Municipal Court was to foreclose a mechanic's
lien, and was for the same amount and the same work involved in the
case at bar. The Municipal Court gave judgment for the plaintiffs
against Pollack and Goodman, for $308.42, and "dismissed as to other
defendants"—i. e., the defendant in the case at bar and the Ogden
Lumber Company. Unless the complaint was dismissed as to this
defendant on the merits, the judgment of the Municipal Court was
no bar to the present action. There is no statement in the judgment
roll that the dismissal was on the merits. Section 1209 of the Code,

providing that a final judgment dismissing the complaint does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment roll, that it is rendered upon the merits, has no application to the Municipal Court. Stecher v. Free Sons of Judah, 45 Misc. Rep. 340, 90 N. Y. Supp. 332, 333 (Appellate Term, Bischoff, J.). The question, therefore, as to whether the judgment of the Municipal Court was or was not upon the merits was a matter for proof in the ordinary course, and the judgment roll was not necessarily conclusive. Stecher v. Sons of Judah, supra.

It appears from the record that in the Municipal Court action plaintiffs under an amendment to their complaint at the trial sought to hold this defendant as owner of the premises and under his promise to pay to plaintiffs the amount due and to become due if plaintiffs would complete the work to be done under their contract with Pollack and Goodman, which is the same ground upon which plaintiffs seek to hold defendant in the case at bar, and at the end of the trial of the Municipal Court action the plaintiffs' counsel asked the court:

"Does your honor find there was no contract between plaintiffs and Bachrach [this defendant]?"

To which the court replied:

"Yes, sir; I shall find as a matter of fact. I do not think you have sufficiently sustained the burden of proof."

The only evidence which plaintiffs seem to have offered in the Municipal Court action in support of their claim of a contract with Bachrach, whereby they were to finish the job and he was to pay for it, was that of one of the plaintiffs to the effect that Bachrach said: "You should continue the work, and I will see to it." The Municipal Court justice might very well have reached the conclusion that plaintiffs had not sufficiently sustained the burden of proof, and found as a matter of fact, upon a conflict of proof, that there was no such contract between plaintiffs and Bachrach. The latter swore positively in the Municipal Court action:

"I got somebody else to do this work—Rado Bros. I have paid them for that work. * * * I never had a contract with Cohen and Goldstein [plaintiffs]."

It seems to us that it must be held that the Municipal Court judgment was on the merits, and is a bar to the plaintiffs' cause of action herein.

The judgment and order should be affirmed, with costs. All concur.