(65 Misc. Rep. 40.)

MOSSLER CO. v. CESARE.

(Supreme Court, Appellate Term. November 12, 1909.)

1. JUDGMENT (§ 544*)—MUNICIPAL COURT—RES JUDICATA.
    Code Civ. Proc. § 1209, providing that a final judgment, dismissing the
    complaint, either before or after trial, does not prevent a new action for
    the same cause, unless it expressly declares, or it appears by the judg-
    ment roll, that it is rendered upon the merits, does not apply to the Mu-
    nicipal Court.
    [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 544.*]

2. JUDGMENT (§ 956*)—MUNICIPAL COURT—JUDGMENT ROLL—"RES JUDICATA."
    Where a so-called judgment roll of the Municipal Court contains no
    testimony taken upon the trial, and the only evidence of any judgment
    having been entered was a statement: "As the proof stands, and upon the
    testimony before me, the plaintiff cannot succeed. Judgment for defend-
    ant"—the judgment was not shown to be on the merits, so as to be con-
    clusive, since the only way it can be determined whether or not a judg-
    ment of the Municipal Court is upon the merits is by an inspection of
    the minutes of the testimony taken.
    [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 956.*
    For other definitions, see Words and Phrases, vol. 7, pp. 6126–6130; vol.
    8, pp. 7786, 7787.]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by the Mossler Company against Oscar E. Cesare. Judg-
ment for defendant, and plaintiff appeals. Reversed, and new trial
ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEH-
MAN, JJ.

Strouse & Strauss (Alex. S. Strouse, of counsel), for appellant.
Thomas P. Hall, for respondent.

PER CURIAM. The plaintiff brought an action against the defend-
ant in October, 1908, upon a complaint alleging that about October 1,
1908, an account was stated between the parties, in which a balance was
found due the plaintiff of the sum of $38. In February, 1909, the
present action was begun, and the complaint sets up an account stat-
ed between the parties in November, 1905, in which there was a bal-
ance found due the plaintiff of $8, and also a sale and delivery of goods
to the defendant in April, 1906, amounting to $30. The defendant plead-
ed a former suit in bar, and offered upon the trial what was said to be
the "judgment roll" in that prior action. This so-called judgment roll
contains no testimony taken upon the first trial, if any there was, and
the only evidence of any judgment having been entered against the
plaintiff therein:

"As the proof stands, and upon the testimony before me, the plaintiff cannot
succeed. Judgment for the defendant."

Whether or not a judgment in accordance with the foregoing was
entered does not appear, nor is it material. Section 1209 of the Code
of Civil Procedure does not apply to the Municipal Court, and, if it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

did, it would not aid the defendant in his position. The only way it can be determined whether or not a judgment of the Municipal Court is upon the merits is by an inspection of the minutes of the testimony taken. Stecher v. Ind. Order Free Sons of Judah, 45 Misc. Rep. 340, 90 N. Y. Supp. 332. It was error, therefore, for the court below to hold that the judgment of the first action was res adjudicata, and the judgment herein must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.