### DEVINE v. KILCOMMONS.

(Supreme Court, Appellate Term. April 8, 1910.)

1. JUDGMENT (§ 956*)—RES JUDICATA—EVIDENCE—ADMISSIBILITY.

Where it was not clear from the judgment roll what issues were determined in a prior action between the parties, it was competent to show the scope of the prior adjudication by resort to the minutes of the trial.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1822–1825; Dec. Dig. § 956.*]

2. JUDGMENT (§ 720*)— RES JUDICATA.

A judgment which adjudges the existence of a lease between parties for six months from a designated date at a fixed monthly rental is res judicata on the issue of the existence of the lease in a subsequent suit for rent during the period.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1251; Dec. Dig. § 720.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Thomas F. Devine against John Kilcommons. From a judgment of the Municipal Court for plaintiff, defendant appeals. Affirmed.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Kelley & Connelly, for appellant.

James A. Delehanty (Michael F. Dee, of counsel), for respondent.

PER CURIAM. The complaint alleges that the plaintiff is the owner of the premises Nos. 353 and 355 West Sixty-Fourth street, New York City, and that in the month of August, 1909, the defendant leased from the plaintiff the said premises under a verbal lease for a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

term of six months, beginning the month of September, 1909, at a monthly rental of $125, payable in advance. In the present action the plaintiff sues to recover the rent alleged to be due for the months of November and December, 1909. Upon the trial it was conceded that the plaintiff was the owner of the premises. The plaintiff offered in evidence a judgment roll of the Municipal Court in an action between the parties tried before Justice Speigelberg. The stenographer's minutes of that trial were offered in evidence, and established beyond all question that in that action the court decided that the defendant had leased the premises for six months from September, 1909, at a monthly rental of $125.

The contention of the appellant that it was error to admit the stenographer's minutes of the previous trial in evidence is not correct. It was not clear from the judgment roll, considered by itself, what issues were determined in the prior action. Under these circumstances it was competent to show the scope of the prior adjudication of the Municipal Court by resort to the minutes of the trial. Stecher v. Ind. Order, etc., 45 Misc. Rep. 340, 90 N. Y. Supp. 332. The minutes of the previous trial established that the only issue upon that trial was whether there was a lease between these parties for six months from September 1, 1909, at the monthly rental of $125. That issue having been once resolved in favor of the plaintiff, the determination is res adjudicata between these parties.

It follows that the judgment should be affirmed, with costs.

GAVEGAN, J., concurs.

LEHMAN, J. (concurring). The action is brought to recover $250 rent claimed to be due for November and December, 1909, under an oral lease for a six months term. The plaintiff introduced in evidence a judgment roll of a former action between the same parties for rent from the same premises. In that action the plaintiff alleged that defendant was a tenant, and that by the terms of his tenancy the sum of $125 was due the plaintiff as rent on October 7, 1909, and was unpaid. The answer was a general denial and a plea of surrender, and the trial justice gave judgment for the plaintiff.

By parol testimony the plaintiff was allowed to show that the actual issue litigated in the earlier action was whether or not the parties had, in August, changed a previously existing tenancy from month to month to a six months tenancy at the rate of $125, payable monthly in advance. I do not think that there can be any doubt that the parol testimony was admissible, under the informal pleadings permitted in the Municipal Court, to show the actual scope of the issues litigated in the earlier action (Stecher v. Independent Order, etc., 45 Misc. Rep. 340, 90 N. Y. Supp. 332); but I have arrived only with difficulty at the conclusion that the testimony has established that the decision of the trial judge that the oral lease was for six months is res adjudicata between these parties. "Issues which the parties have submitted to a court of competent jurisdiction and had determined are put at rest, and are not to be reopened and relitigated; and their adjudication is conclusive in all subsequent controversies between them where the

same matter comes again directly in question." But the rule is not always easy of application, and there are qualifications to it which must be carefully noticed. The rule, with its qualifications, is very well stated in the brief of the learned counsel for the appellant in this action, as follows:

"A judgment does not operate as an estoppel in a subsequent action between the parties as to immaterial or unessential facts, even though put in issue by the pleadings and directly decided. But it is final as to every fact litigated and decided therein, having such a relation to the issue that its determination was necessary to the determination of the issue. Whenever the same question arises between the parties, in whatever form of action, and whether involved directly or collaterally, they are forever precluded from averring the fact to be otherwise." House v. Lockwood, 137 N. Y. 268, 33 N. E. 597.

The appellant contends with plausibility that the finding of a six-months lease had no necessary relation to the determination of the trial justice that the tenant was liable for rent on October 7th, but that the only issue before him was whether or not the defendant was a tenant on that date. He relies for his authority on the case of Rothstein v. Steinbugler, 52 Misc. Rep. 552, 102 N. Y. Supp. 470; but on close examination I do not think that case is entirely in point. That case held only that where an action was brought for rent by complaint, which recited "such occupation and tenancy being from month to month," and there was no trial, but the defendant defaulted and paid the money into court, he was not thereafter barred from showing that the tenancy was a yearly tenancy. The court apparently held that the default did not admit all the allegations of the complaint, but only such allegations as were necessary to sustain a recovery for the amount of rent sued for, and that it did not admit allegations which, though part of the cause of action, might be amended without altering the defendant's liability. We need not decide whether or not that case represents the law, because in the case now under consideration the judgment previously rendered was not upon default, but after an actual trial of the issues, and the sole question before us is whether the issues were the same in the earlier action as in this case.

I think we may properly concede that a finding that the lease made before September was for six months was not necessary to the determination of the earlier action; but the parties there litigated whether, in August, there was or was not a conversation between the parties which changed the nature of the tenancy of one from month to month to one for a definite period of six months. The determination of that fact was necessary to the determination of the main issue, and that fact, once established, is binding upon the parties forever after. In the case of Hawkins v. Ringler Co., 47 App. Div. 262, 62 N. Y. Supp. 56, it was held that a judgment for one month's rent under oral pleadings might establish conclusively the existence of a parol lease for a year, where the issue actually litigated was whether or not the tenant had held over after the expiration of his previous term; and the question of the duration of the tenancy could not be again litigated in any action for other monthly installments of rent. I can see no distinction between these cases.

The judgment should therefore be affirmed, with costs..