I can see no excuse whatever for transferring such position from the competitive to the exempt class, except for the purpose of evading the letter and the spirit of the civil service law.

I therefore vote for an affirmance of the order.

---

## KAPLAN v. FRIEDMAN CONST. CO.

(Supreme Court, Appellate Division, First Department. December 1, 1911.)

1. JUDGMENT (§ 570*)—CONCLUSIVENESS—ADJUDICATION ON MERITS.

Under Municipal Court Act (Laws 1902, c. 580) § 248, requiring judgment of dismissal without prejudice when plaintiff fails to prove a cause of action, a judgment for defendant was not on the merits, and hence not a bar to another action, though it did not recite a dismissal without prejudice, where it was entered on motion for dismissal at the close of plaintiff's evidence on the ground that plaintiff failed to make out a case.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028–1045; Dec. Dig. § 570.*]

2. JUDGMENT (§ 576*)—ERROR IN ENTRY—CORRECTION—NECESSITY.

If a trial judge enters judgment on the merits when the record shows that judgment of dismissal without prejudice only is authorized, plaintiff need not move to correct the judgment before suing again on the same cause of action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1004; Dec. Dig. § 576.*]

3. EVIDENCE (§ 244*)—DECLARATIONS BY AGENT—ADMISSIBILITY.

Defendant's president's declaration before injury to plaintiff, an employé of a contractor on defendant's building, that he would be responsible for the condition of the wall on which the accident happened, does not bind defendant, if the president was not authorized to make such declaration.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 916–936; Dec. Dig. § 244.*]

4. EVIDENCE (§ 244*)—DECLARATIONS BY AGENT—ADMISSIBILITY.

The president's admissions after the accident do not bind defendant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 916–936; Dec. Dig. § 244.*]

5. MASTER AND SERVANT (§ 88*)—INDEPENDENT CONTRACTORS.

That defendant's president directed a contractor's employés to proceed with work on a wall, assuring them that it was safe, did not make them employés of defendant, as affecting liability for injury to one of them.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 144–152; Dec. Dig. § 88.*]

Appeal from Appellate Term.

Action by Hyman Kaplan against the Friedman Construction Company. From a determination of the Appellate Term (126 N. Y. Supp. 96) reversing a judgment for plaintiff, he appeals. Modified and affirmed.

See, also, 144 App. Div. 898, 129 N. Y. Supp. 1129.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Abraham H. Sarasohn, for appellant.

James J. Mahoney, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. [1] This action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff through the negligence of the defendant. An opinion was delivered by the Appellate Term (126 N. Y. Supp. 96), in which all of the members concurred, assigning as the sole ground of reversal that the action was barred by a former judgment in the Municipal Court in an action between the same parties. It is uncontroverted that prior to the commencement of this action the plaintiff sued the defendant in the Municipal Court, Second District, borough of Manhattan, New York, on the same cause of action as he alleges, and that a judgment was rendered therein in favor of the defendant. The controverted question is whether that judgment was on the merits, or whether it was merely, in effect, a nonsuit. The record of the other trial was introduced in evidence on the trial hereof. It shows that the plaintiff testified in his own behalf and called other witnesses, and at the close of this evidence in his behalf his counsel announced that he discontinued the action as against all of the defendants excepting the respondent Friedman Construction Company, and then further announced, "Plaintiff Rests," whereupon counsel for the respondent company moved for a dismissal of the complaint "on the ground generally that the plaintiff has failed to make out a case against them; this action being one brought in negligence, no negligence having been shown against the Friedman Construction Company." The record then shows the following:

"Decision Reserved.

"(Brief to be submitted by Saturday, January 9th, 1909, by plaintiff's counsel.)"

The record does not show that the respondent rested or informed the court that it had no evidence to offer. The trial took place on the 5th day of January, 1909. On the 20th day of the same month, the justice before whom the case was tried signed two memorandum statements—it does not appear whether they were entries in the docket or minutes of the court—of the proceedings in the action, both dated on that day, in the first of which contained in the record there is a recital as follows: "Judgment for the defendant Friedman Construction Co." And the other contains the recital: "Judgment for the defendant after trial." The first of these statements does not show that there was any trial, and the second shows certain adjournments and the following: "Tried January 5, 1909. Briefs January 9, 1909." One of these statements is the judgment in the action, but it does not appear which of them is the judgment.

The opinion of the learned Appellate Term is based on extracts from the opinion in Deeley v. Heintz, 169 N. Y. 129, 62 N. E. 158, as follows:

"When a defendant moves for a nonsuit and says nothing more, * * * it amounts to a submission by him to the court of any question of fact involved in the case. * * * His conduct was equivalent to a statement by him that he rested, although he had no evidence to give. The court was authorized to determine all the issues in the case, and to decide all questions of fact and law, as fully as it would have been had the defendant's counsel

expressed the legal effect of his action in words.  *  *  *  A decision disposing of the case on the merits is properly rendered on a motion to dismiss the complaint."

The parts of the opinion quoted from Deeley v. Heintz must be read, not only with the rest of the opinion, but also in connection with the facts upon which the court was adjudicating; and, when thus examined, we find that the court was not called upon to decide whether a defendant at the close of the plaintiff's case moves for a nonsuit or a dismissal of the complaint at his peril, unless he expressly informs the court at the time that in the event that his motion is denied he desires to offer further evidence.  That was an action for a breach of warranty depending upon a contract evidenced by correspondence.  After the plaintiff offered all the proof she had in support of her cause of action and rested, the defendant moved to dismiss the complaint upon the ground that the plaintiff had failed to establish a cause of action.  The motion was granted, and, the trial being before the court without a jury, the court found the material facts as presented by the plaintiff's evidence, and made a formal decision finding that the defendant refused to give the warranty which the plaintiff claimed he gave, and in a conclusion of law directed judgment dismissing the complaint upon the merits.  The judgment in the case at bar could only be upon the merits if the defendant submitted the case to the court for final determination without further evidence.  See Elwell v. McQueen, 10 Wend. 520.  The judgment in question cannot be regarded as having been rendered on the merits unless the court was authorized to consider the merits and without hearing defendant further to award a judgment in favor of the plaintiff against defendant if the evidence presented a prima facie case in favor of plaintiff.

It is not a reasonable construction of the record of the trial in the Municipal Court to hold that by moving to dismiss the complaint on the ground that the plaintiff failed to make out a case, or to establish negligence against the defendant, the defendant intended to submit the case for a decision on the merits without further evidence.  The only point presented for decision by the respondent's motion was whether the proof established a prima facie case; and, since the record does not show that the respondent rested or waived its right to introduce further evidence, the only question presented for decision was whether the plaintiff's evidence was sufficient.  A decision on that question adversely to the plaintiff was not on the merits, but merely a ruling that his proof was insufficient which is in effect a nonsuit (Molloy v. Whitehall, P. C. Co., 116 App. Div. 839, 102 N. Y. Supp. 363; Martin v. Cook, 14 N. Y. Supp. 329,[1] affirmed 142 N. Y. 654, 37 N. E. 569; Card v. Meincke, 70 Hun, 382, 24 N. Y. Supp. 375; Knight v. Sackett & Whitehall L. Co., 19 N. Y. Supp. 712), and is not a bar to another action on the same cause of action.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 60 Hun, 577.

Section 248 of the Municipal Court act provides among other things as follows:

"248. Judgment that the action be dismissed, with costs, without prejudice to a new action, shall be rendered in the following cases: * * * (4) Where the plaintiff does not prove his cause of action."

[2] It was the duty of the trial court under the statute quoted on rendering judgment to dismiss the action expressly without prejudice to a new action. The fact that the court did not render judgment in the form prescribed by the statute does not deprive the respondent of the right to contend that the judgment was not on the merits, or require that he should first move to correct it, for the record of the proceedings of the court, to which resort may be had (Stecher v. Independent Order of Judah, 45 Misc. Rep. 340, 90 N. Y. Supp. 332; Strodl v. Farish-Stafford Co., 67 Misc. Rep. 402, 122 N. Y. Supp. 609), shows that the court was without authority to render a judgment on the merits, for the motion made by the respondent merely presented the question as to whether or not the plaintiff proved his cause of action. See Clarke v. Scovill, 198 N. Y. 279, 91 N. E. 800. It follows, therefore, that the complaint should not have been dismissed.

It becomes necessary, however, to examine the record, and decide whether or not the respondent was entitled to a new trial. It is claimed that in any event a new trial should have been granted on the grounds (1) that the plaintiff was not shown to have been free from contributory negligence; (2) that no negligence was shown on the part of defendant; (3) that the court erred in receiving evidence over objection and exception duly taken by respondent; (4) that there were errors in the charge; and (5) that the damages were excessive. The plaintiff was employed on framing work by the firm of Cohen & Nowiarsky in the construction of a building on premises owned by the respondent on 187th street, in the borough of Manhattan, New York. The plaintiff's employers were performing the work under a contract with the owner by which the latter furnished the material. Another firm was doing the masonry work under a contract with the owner.

The theory on which the plaintiff has recovered is that the respondent was negligent in ordering or permitting him to proceed with his work upon a wall recently finished by the masons in which the cement had not set, and in assuring him, in effect, that it was strong enough. The direction to proceed with the work and the assurances that the wall was safe are claimed to have been given by one Friedman, the president of the respondent, who represented it in buying material and superintended the work to see that the contractors performed their obligations to defendant. There is no evidence that the wall was improperly constructed to the knowledge of the respondent, nor is there any evidence that it was unsafe for plaintiff or others to work thereon, other than testimony to the effect that it had not been finished sufficiently long for the cement to set and make it firm, and that on timbers being placed on the wall by plaintiff and a fel-

low workman, and while plaintiff was standing thereon or partly on a timber and partly on the wall, some of the bricks fell.

[3–5] Counsel for the plaintiff was permitted to show over objection and exception duly taken in behalf of respondent a conversation between Friedman and one Gartzman, in which Gartzman charged Friedman with having said before the accident that he would be responsible, in effect, for the condition of the wall, to which Friedman, according to Gartzman, replied:

"I thought the wall was all right, but it was not," or "I thought the wall was all right. How can I help it?"

It is doubtful whether Friedman was authorized to bind the respondent by what it is claimed he said to plaintiff before the accident, and it is quite clear that he could not bind it by such an admission after the accident. This evidence, therefore, was manifestly incompetent, and it was prejudicial to the respondent, for it constituted an admission of the negligence of which there was very little other evidence. The court was requested to instruct the jury that plaintiff, being an employé of an independent contractor, was not a servant of the respondent, and was not under its direction and control. This request was declined, and the court said that it was a question of fact for the jury. This was also error. The mere fact that Friedman directed the contractors' men to proceed with the work and assured them that the wall was safe did not make them the employés of the respondent in doing work which had been let to Cohen & Nowiarsky; nor did it render the plaintiff subject to the direction and control of the respondent. The Appellate Term, therefore, should have ordered a new trial.

It follows that the judgment should be modified by striking out the provisions thereof dismissing the complaint on the merits, and inserting in lieu thereof a direction for a new trial, and, as thus modified, affirmed, without costs. All concur.