Jacob Rosenberg, Respondent, *v.* Leo Abraham, Appellant.

(Supreme Court, Appellate Term, First Department, November, 1916.)

Stay — when plaintiff stayed from proceeding with second action — dismissal of complaint — appeal — motion to open default — judgments.

Upon the rendition of a judgment for the dismissal of the complaint in a Municipal Court action, with costs, plaintiff must either appeal or move to open his default and to be

Supreme Court, Appellate Term, November, 1916. [Vol. 97.

allowed to prosecute the action; and in the absence of adopting either of those proceedings he is properly stayed from proceeding with a second action against the same defendant until the payment of the costs in the first action.

APPEAL by the defendant from an order of the Municipal Court of the city of New York, borough of the Bronx, second district, opening the default of the plaintiff.

Mark Charles Platt, for appellant.

Leo Schafran, for respondent.

*Per Curiam.* In January, 1916, plaintiff began an action against the defendant which was dismissed and a judgment entered in favor of defendant for costs. In February, 1916, plaintiff instituted a second action against the defendant, the costs of the former action not having been paid. On May 11, 1916, plaintiff served upon the defendant a demand for a bill of particulars of his counterclaim and a notice for a trial by jury for May 17, 1916.

The defendant then moved for an order striking out plaintiff's notice for trial and demand for a bill of particulars, upon the ground that the costs in the judgment of January 15, 1916, had not been paid. Upon the hearing of this motion the court below denied plaintiff's demand for a jury trial and stayed the plaintiff for non-payment of costs, but setting the action down for trial on June 1, 1916. On that date the plaintiff, not having paid the costs, the second action was dismissed.

The plaintiff then served a notice of motion, returnable on June fifth, for an order vacating the judgment of June first. On the hearing of this motion it was

granted and an order entered vacating and setting aside the judgment of June first, and again ordering that plaintiff pay the costs of the judgment of January 15, 1916, on or before June twelfth and setting the action down for trial on June 19, 1916. From this last order this appeal comes up. Section 125 of the Municipal Court Code provides that "All proceedings on the part of the party against whom judgment has been rendered, or who is required to pay the costs of any motion, except to review or vacate such judgment or order requiring the payment of costs, are stayed without further direction of the court until the payment thereof."

When the judgment of dismissal with costs was rendered against the plaintiff in January, 1916, his remedy was either to appeal from that judgment or move to open his default and be allowed to prosecute that action. In the absence of adopting either of those proceedings he was stayed from proceeding against the defendant until payment of the costs in that judgment had been made.

The provisions of section 125 (*supra*) act automatically and not under direction of the court. The commencement of a second action was unauthorized and this action was properly dismissed for non-payment of costs in the first action and until those costs were paid the vacation of the order dismissing the second action should not have been granted.

Order appealed from reversed, with ten dollars costs.

Present: GUY, BIJUR and SHEARN, JJ.

Order reversed, with costs.