ALBERT L. ROSENBERG, Respondent, v. MEYER BLOCK and Another, Appellants.

(Supreme Court, Appellate Term, First Department, November Term — Filed December, 1920.)

Default — when motion to open granted — pleading — municipal courts — trial — costs — Municipal Court Code, § 125.

An order denying the right of the defendant in a Municipal Court action to file an answer was reversed with costs and the defendant filed his answer. Plaintiff noticed the cause for trial and, when it was called, defendant objected to the plaintiff proceeding until the costs had been paid. The trial justice ruled that the notice of trial having been retained, defendant had waived the stay provided by section 125 of the Municipal Court Code, for non-payment of costs, and an inquest was taken. Held, that a motion to open the default and to vacate the judgment entered thereon should have been granted.

The service of the notice of trial being in violation of the stay of proceedings, it was immaterial whether the defendant retained or returned it.

APPEAL by defendants from an order of the Municipal Court of the city of New York, borough of Man-

Appellate Term, First Department, December, 1920.   [Vol. 113.

hattan, fifth district, denying the motion to open the default.

Charles J. Steinberg, for appellants.

Robert H. Charlton, for respondent.

WHITAKER, J.   An order of the Municipal Court denying the right of the defendants to file an answer was reversed by this court with ten dollars costs to the defendant in this action.   The answer was filed and the plaintiff noticed the case for trial.   When the case was called the defendants objected to the plaintiff's proceeding until the costs above mentioned were paid, it being conceded that they had not been paid.

The learned justice ruled that the defendants having retained the notice of trial had thereby waived any stay for non-payment of costs, and thereupon an inquest was taken.

Upon a motion to open the default and vacate the judgment, these facts were undisputed and the motion was denied.   It should have been granted.   Section 125 of the Municipal Court Code provides that, "All proceedings on the part of the party against whom judgment has been rendered, or who is required to pay the costs of any motion  *  *  *  are stayed without further direction of the court."   This section is substantially like section 779 of the Code of Civil Procedure except that the latter section provides that a stay for non-payment of costs becomes operative, if no time is mentioned in the order, within ten days after service of a copy of the order.   Service of a copy of the order is dispensed with by the Municipal Court Code provision, and upon the entry of the order or judgment of reversal by this court the plaintiff was automatically stayed until the costs were paid.   *Pro-*

*boner* v. *Miller,* 161 N. Y. Supp. 306; *Rosenberg* v. *Abraham,* 97 Misc. Rep. 425.

The plaintiff could make no effective onward movement in the action in the absence of such payment. *Thompson* v. *McLaughlin,* 132 App. Div. 948.

Service of a notice of trial was in violation of the stay and whether or not the defendants retained or returned it was immaterial.

Judgment vacated, order reversed, with ten dollars costs to appellant to abide the event, and new trial ordered.

Order reversed, with ten dollars costs.