OTTO WIEDHOPF, Appellant, *v.* ALEXANDER WOLF, Respondent.

First Department, April 11, 1930.

*Abraham Mann* of counsel [*Kotzen, Mann, Louis & Siegel*, attorneys], for the appellant.

*Myers Greene* of counsel [*Wolf, Millard & Greene*, attorneys], for the respondent.

McAVOY, J.   On December 22, 1922, the plaintiff by a summary proceeding sought an order directing the defendant, as attorney, to pay him the sum of $5,400.   The proceeding was predicated upon an agreement whereby the plaintiff engaged the defendant to obtain a permit and license from the municipal authorities of the city of New York to enable the plaintiff to conduct a gasoline and service station at the southeast corner of Ninety-sixth street and Fifth avenue in New York city.   If the defendant succeeded, the plaintiff was to pay him a fee of between $3,500 and $4,500. In the event the defendant was unsuccessful, he was to return to plaintiff all moneys except the sum of $100.   Plaintiff asserted he had paid in all the sum of $5,500 and that the defendant had refused to return the sum of $5,400, notwithstanding that he failed in securing the license.

The defendant on such proceeding conceded the relationship of attorney and client, but denied owing any sum to the plaintiff. An order appointing a referee to hear and report was made and the report was favorable to the defendant.   It was found that the defendant had received $1,000 in advance on his agreement to repay $800 if he failed in procuring the license; that he had repaid

the sum agreed upon; that he had also borrowed from the plaintiff the sum of $1,000 for which he gave four promissory notes of $250 each, and that these notes had likewise been paid. It was accordingly found that there were no moneys belonging to the plaintiff held by the defendant.

The motion to confirm the findings of the referee was granted and the proceeding instituted by the plaintiff dismissed, with costs to the defendant, " but without prejudice to the right of the petitioner [plaintiff] to pursue any other remedy which he may have in law or in equity against the respondent [defendant] by reason of the matters set forth in the petition herein." Costs in the sum of $571.75 were taxed and judgment for this sum entered against the plaintiff. The defendant appears to have actually paid out as costs and disbursements the sum so taxed. The order referred to was entered June 19, 1924.

This action apparently is predicated upon the same facts upon which the summary proceeding was based. It was begun April 19, 1927, and an amended complaint served December 28, 1927. The issue was finally joined on the service of defendant's answer on January 17, 1928. Judgment in the sum of $5,400 is demanded.

To sustain the order made the defendant, respondent, invokes the general rule that non-payment of costs entitles a defendant in whose favor they are awarded to stay all proceedings in a subsequent action brought by the same plaintiff upon the same cause of action. The appellant, on the other hand, urges that because of special circumstances here shown it would be unjust and inequitable to apply the ordinary rule and that the case comes within the exception recognized in the authorities. (*Wilner* v. *Independent Order Ahawas Israel*, 122 App. Div. 615; *Seiler* v. *Klugman*, 164 id. 926; *Schwartz* v. *Minsker Realty Co.*, 166 id. 681; *Simms* v. *Carter & Weekes Stevedoring Co.*, 169 id. 582.)

Were it necessary to base our decision upon the exception to the rule we would have some ground for so doing. Inability to pay in and of itself is, of course, insufficient (*Wilner* v. *Independent Order Ahawas Israel*, *supra*), but there is here the relation of attorney and client and the gravamen of the complaint is fraud.

However this may be, we choose to base our decision upon another ground. As already noted, the order dismissing the summary proceedings was " without prejudice " to the plaintiff to pursue any other remedy which he might have in law or equity. We cannot assume that the insertion of these words in the order was intended to be meaningless or without benefit to the plaintiff. The order must be construed as intending to give to the plaintiff the right to proceed with the action now before us as freely as if

there had been no former proceeding instituted. (*Skeels* v. *Bodine*, 68 App. Div. 217.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion for a stay denied, with ten dollars costs.

DOWLING, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.