R. C. SCHINDLER, INC., Plaintiff, *v.* ROBERT J. KAHN, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, February 26, 1935.

*Joseph L. Greenberg*, for the plaintiff.

*R. L. Cherurg*, for the defendant.

LEWIS, DAVID C., J. A prior action between the same parties for the same cause resulted in the dismissal of the complaint without prejudice. Thereupon the defendant taxed costs and entered judgment. That judgment remains undisturbed and the costs remain unpaid. Thereafter the plaintiff instituted this second identical action. The defendant in this action now moves for a stay until the costs of the former action are paid. In opposition to the application the plaintiff quotes: " Where the order dismissing the first action states that it is ' without prejudice ' to the plaintiff pursuing any other remedy which he may have in law or equity, the order is construed as intending to give to the plaintiff the right to proceed with a second action as freely as if there had been no former action instituted." (See Lauer's Mun. Ct. Prac. [Weber's Supp.] § 169, at p. 218.)

But this text cites no reviewed precedent of the Municipal Court to support it.

The defendant also cites *Wiedhopf* v. *Wolf* (229 App. Div. 152) and *Skeels* v. *Bodine* (68 id. 217).

There is no denial that these cases declare that " without prejudice " must be held to import that the plaintiff is at perfect liberty to start another action as though there had never been a lawsuit between the parties. But then section 125 of the

Municipal Court Code with equally explicit phrase provides for a stay of all proceedings until costs are paid. And in the opinion of a learned court this language is also held to mean what it says.

"The provisions of section 125 (*supra*) act automatically and not under the direction of the court." (See *Rosenberg* v. *Abraham*, 97 Misc. 425, at p. 427. See, also, *Kaplan* v. *Friedman Construction Co.*, 148 App. Div. 14; *Levy* v. *Metropolitan Life Ins. Co.*, 159 N. Y. Supp. 902; *Goldman* v. *Brooklyn Heights R. R. Co.*, 129 App. Div. 657.)

Court life daily witnesses dismissals because of oversight or omission — curable defects. To saddle the taxable costs upon such an errant plaintiff or his counsel may be too great a price, if not a penalty. Common sense and the judicial conscience naturally seek a solution.

The answer may lie with the trial court. Must a trial court dismiss a complaint without prejudice — if only a day's delay will allow a judgment on the merits? And if a dismissal without prejudice must be granted, cannot the case then and there be set down for a new trial? Must there be proceedings *de novo* between the same parties for the same cause of action?

In the exercise of its inherent power, if not by virtue of statutory endowment, the court should seek the advancement of justice.

Other courts have held that when proper and sufficient grounds are presented, a plaintiff can be relieved. Let us follow. "Because of special circumstances here shown it would be unjust and inequitable to apply the ordinary rule." (*Wiedhopf* v. *Wolf, supra*.)

But in the exercise of this discretionary power the court is reminded, "The fact that a person is pecuniarily unable to pay the costs of the prior action is not an excuse sufficient to bring a case within the exception. The reason for this rule is a wholesome one. It has for its basis the fact that, where a party has successfully defended a prior action, he ought not to be put to the trouble and expense of defending another action predicated upon the same cause of action until he has been paid the costs awarded to him by the court in the action first commenced." (*Wilner* v. *Independent Order Ahawas Israel*, 122 App. Div. 615, at p. 616; see, also, *Schwartz* v. *Minsker Realty Co.*, 166 id. 681, and *Seiler* v. *Klugman*, 164 id. 926.)

The foregoing citations were before the Appellate Division in *Wiedhopf* v. *Wolf* (*supra*), yet that learned court rested its determination exclusively upon the plain meaning of the words "without prejudice."

A dismissal of a complaint is either upon the merits or without prejudice. The law creates no hybrid dismissal.

In the former action between these parties, the complaint was dismissed at the close of the plaintiff's direct case and before the defendant introduced any testimony upon the motion of the defendant. Such a dismissal, without any express provision in the judgment, can only be a dismissal without prejudice. (*Kaplan* v. *Friedman, supra.*)

Here then is an action on a promissory note. The entire record is not presented to me, nor is it available. Apparently the complaint was dismissed upon the defendant's insistence, because the note bore no indorsement to the corporate plaintiff and any proof of any assignment had been inadvertently omitted. When the defendant raised this point, plaintiff's counsel immediately sought to put its witness back on the stand and cure the defect. By procedural jockeying the defendant pocketed the plaintiff, and the dismissal followed.

I take it that when equity decrees, discretion becomes duty. It is to be noted that the language of that portion of section 125 of the Municipal Court Code providing for the automatic stay is identical with the wording of the corresponding provision of section 1520 of the Civil Practice Act. And we must view the earlier determination of our Appellate Term in the light of the later interpretation of our Appellate Division.

The defendant's motion for a stay is denied, and the court will relieve the plaintiff of any automatic stay so that the new action may be prosecuted.

Submit order on one day's notice.