CHARLES H. ADDINGTON, as Trustee of the MARVEL
OIL BURNER COMPANY, INC., a Bankrupt, Respondent,
v. FORSYTH METAL GOODS COMPANY, Appellant.

Bankruptcy — when transfer of property by bankrupt to
pay antecedent debt is invalid — when funds paid by bankrupt
prior to bankruptcy as advance payment upon goods to be
manufactured by defendant may be applied to and credited
upon antecedent debt due from bankrupt to defendant.

1. Where one pays to another a certain sum of money in con-
sideration of which the latter agrees to make and deliver certain
articles, and the payee defaults on his agreement, the one paying has
a cause of action in some form for a breach of contract to recover
back the moneys which he has paid. But his right thus to recover
is based upon the failure of the payee to do as he agreed to do in
consideration of the payment to him of the moneys and is not based
on any theory that the one paying retained the legal or equitable
title to the moneys which were paid.

2. Where an action was brought under section 60 of the Bankruptcy
Act to avoid, as preferential, transfers of property from the bankrupt
to a creditor within four months of the bankruptcy when the bankrupt
was insolvent to the knowledge of the creditor, and to recover the
value of such property, that part of the judgment which directed
that plaintiff recover the value of the goods, wares and merchandise,
which were thus transferred and which were applied in payment of
an antecedent indebtedness, is correct and should be affirmed.

3. Where it appears in such action that the bankrupt made a con-
tract with the defendant under which the latter was to manufacture
for the bankrupt certain articles and the bankrupt was to make
advance payments on the contract which were to be applied to the
satisfaction of the purchase price of the articles to be manufactured,
but the defendant did not manufacture the articles as agreed and at
a certain date shortly before the adjudication of bankruptcy there
was standing to the credit of the bankrupt on account of these advance
payments a certain amount, and defendant proposed that there
should be charged up against this credit and for the purpose of balancing
it, an equal amount for work and material claimed to have been
furnished for the benefit of the bankrupt, to which proposition the
bankrupt assented, and the account was thus balanced, and upon
the trial in such action the validity of the claim which defendant

charged up against such fund was not disputed, the trustee in bankruptcy is not entitled to judgment against defendant for the amount of such fund upon the ground that the moneys paid by the bankrupt to defendant as advance payment on its contract constituted in some way a trust fund in the hands of the defendant and that the bankrupt thus having the equitable title to said funds, although in the hands of defendant, could not transfer the same in the payment of an antecedent indebtedness at the time it did.

*Addington* v. *Forsyth Metal Goods Co.*, 197 App. Div. 918, reversed.

(Argued June 8, 1922; decided July 12, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 12, 1921, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Bayard J. Stedman* and *Charles F. Blair* for appellant. The absolute title to the " advance payments " was transferred to the defendant as of the dates when they were respectively made and the only duty owing from the defendant to the Marvel Company was to perform its contract for the manufacture of oil burners. In this it was interrupted by the bankruptcy of the Marvel Company. (*Hartigan* v. *Casualty Co.*, 227 N. Y. 175; Bankruptcy Act, § 1, subd. 25; § 60, subds. a, b; *Matter of Leech*, 171 Fed. Rep. 622; *Matter of Steam Vehicle Company*, 121 Fed. Rep. 939.) If the defendant was a creditor of the Marvel Company on November 6, 1918, to the extent of $6,995, then it was a secured creditor with the right to apply the advance payments in satisfaction of its claim against the Marvel Company. (*Matter of Bushby*, 124 Fed. Rep. 469; *Furth* v. *Stahl*, 205 Penn. St. 439; *Johnson* v. *Root Mfg. Co.*, 241 U. S. 160; *Matter of Lynn Camp Coal Co.*, 168 Fed. Rep. 998; *Sexton* v. *Kessler & Co.*, 225 U. S. 90; *Mills* v. *Virginia-Carolina Lumber Co.*, 164 Fed. Rep. 168; Pers. Prop. Law, § 145, subds. 2, 4; *Perry* v. *Booth*, 67 App. Div. 235.)

*John A. Van Arsdale* for respondent.    The money paid by the bankrupt to the defendant, amounting to the sum of $6,995, as advance payments, to become the defendant's upon the delivery of burners at the rate of nine cents each, was in the nature of a trust fund, and the law imposed upon the defendant the duty of returning it when it failed to deliver the burners.    (*Joyce* v. *Adams,* 8 N. Y. 291; *Plumb* v. *Bridge,* 142 App. Div. 154; *Hamrad* v. *Maloof,* 127 App. Div. 331; *Sheppard* v. *Rice,* 8 N. Y. Supp. 472; *Norton* v. *Dreyfuss,* 106 N. Y. 90; *Roca* v. *Byrne,* 145 N. Y. 182; *Hoffman House* v. *Foote,* 172 N. Y. 354; *Orton* v. *Tannebaum,* 194 App. Div. 214; *Day* v. *Roth,* 18 N. Y. 448; *Gilman* v. *McCardle,* 99 N. Y. 451; *Symmers* v. *Carroll,* 207 N. Y. 637.)    The transfer of all the bankrupt's right, title and interest in and to the $6,995 and property valued at $572.23 to the defendant created a preference voidable under section 60 of the Bankruptcy Act.    (Collyer on Bankr. [11th ed.] 887, note 126; *N. Y. Co. Nat. Bank* v. *Massey,* 198 U. S. 138; *Studley* v. *Boylston Nat. Bank,* 30 Am. Bank. Rep. 161; *Cont. & Comm. Trust Co.* v. *Chicago Title & Trust Company,* 30 Am. Bank. Rep. 624; *Whitaker* v. *State Bank,* 25 Am. Bank. Rep. 876; *Matter of Levi,* 9 Am. Bank. Rep. 176; 121 Fed. Rep. 198; *Matter of Semmer Glass Co.,* 11 Am. Bank. Rep. 665; *West* v. *Bank of Lahoma,* 16 Am. Bank. Rep. 733.)

HISCOCK, Ch. J.    This action was brought by the plaintiff, as trustee in bankruptcy of the Marvel Oil Burner Company, under section 60 of the Bankruptcy Act to avoid as preferential a transfer of certain property claimed to have been transferred to defendant by the bankrupt within four months of an adjudication of bankruptcy and when the transferor was insolvent to the knowledge of defendant, and to recover the value of such property.    One of the items of property claimed to have been thus transferred consisted of goods, wares and merchandise

of the value of $572.23 and which were applied in payment of an antecedent indebtedness. The other item consisted of the sum of $6,995, which had been paid by the bankrupt to the defendant as advance payment on a contract and which was standing to the credit of the former on the books of the latter and which credit was balanced by charging against the same a claim of the defendant for work and expenses. The trial justice on a motion made by each side directed a verdict for the full amount of these items and we think that this action was fully justified so far as the $572.23 is concerned, but on the contrary we think that there was no basis for such direction of a verdict so far as concerns the other item.

The controlling facts which have given rise to the controversy over this item are as follows:

The bankrupt made a contract with the defendant under which the latter was to manufacture for it certain articles and the bankrupt was to make and did make advance payments on this contract which were to be applied to the satisfaction of the purchase price of the articles to be manufactured in a certain manner. The defendant did not manufacture the articles as agreed and at a certain date shortly before the adjudication of bankruptcy there was standing to the credit of the bankrupt on account of these advance payments the sum of $6,995. Defendant then made the proposition that there should be charged up against this credit and for the purpose of balancing it an equal amount for work and material claimed to have been furnished for the benefit of the bankrupt. The bankrupt assented to this proposition and the account was thus balanced.

The basis of plaintiff's claim in respect of this item is that the moneys paid by the bankrupt as advance payment on its contract constituted in some way a trust fund in the hands of the defendant and that the bankrupt thus having the real, equitable title to said funds

although in the hands of the defendant could not transfer the same in payment of an antecedent indebtedness at the time it did. If the premises of the plaintiff were good his conclusions would be amply justified but we are unable to agree with his premises and thus the conclusions which have been based thereon fall. We know of no principle or authority under which moneys paid in advance on a contract to be performed by the payee become a trust fund in the latter's hands where as in the present case they are not kept as a separate fund but are simply credited to the payer. The legal aspect of such a transaction is that the one pays to the other a certain sum of money in consideration of which the latter agrees, as in this case, to make and deliver certain articles. The result of the transaction is that if the payee defaults on his agreement the one paying has a cause of action in some form for breach of contract or to recover back the moneys which he has paid. But his right thus to recover is based upon the failure of the payee to do as he agreed to do in consideration of the payment to him of the moneys and is not based on any theory that the one paying retained the legal or equitable title to the moneys which were paid.

The validity of the claim which defendant charged up against the balance due from defendant to the bankrupt on account of the advance payments in question was not disputed on the trial. Therefore, assuming that it was an honest claim, the defendant in offsetting its claim against that possessed by the bankrupt did no more than it was entitled to do under the provision of the Bankruptcy Act (Sec. 68).

The judgments, therefore, should be reversed and new trial granted, with costs to abide event unless the plaintiff consents to a modification thereof by reducing the amount of damages to the sum of $572.23 with interest from December 9, 1918, and in which case the judgments

as so modified are affirmed, with costs to the appellant in this court and the Appellate Division.

HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.