MOE SARAGA, Respondent, *v.* HOWARD G. STRAUSS, Appellant.

First Department, February 8, 1924.

Conversion — action to recover money deposited by plaintiff on account of price of goods — part of goods received and paid for by plaintiff — return of deposit demanded on ground that defendant was in default in delivering shipping documents — plaintiff had neither legal nor equitable title to deposit — no absolute refusal to return deposit by defendant — action for conversion cannot be maintained — judgment for plaintiff cannot be sustained upon theory other than that upon which case was tried — Municipal Court of City of New York — dismissal of counterclaim without noting reason is nonsuit — New York City Municipal Court Code, § 125, applied.

A recovery cannot be had upon the theory of conversion in an action to recover money deposited by the plaintiff on account of the purchase price of goods, where it appears that although the shipping documents were not delivered at the time provided by the contract the plaintiff after said date continued to urge delivery and received and paid cash for a portion of the goods, and that there was no absolute refusal by the defendant to return the deposit, for, under those circumstances, the plaintiff had neither legal nor equitable title to the deposit, and, moreover, even on the theory that the plaintiff was entitled to a return of the deposit on demand, there was no conversion by the defendant.

A judgment for the plaintiff in such action cannot be sustained upon the theory of breach of contract or for money had and received, where the plaintiff insisted throughout the trial that the action was in conversion.

A decision and judgment of the Municipal Court of the City of New York dismissing a counterclaim without noting the reason for the dismissal as required by section 125 of the New York City Municipal Court Code is to be deemed a nonsuit.

APPEAL by the defendant, Howard G. Strauss, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 19th day of December, 1922, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Second District, in favor of the plaintiff and dismissing the defendant's counterclaim.

*Francis Fischer* [*Irving Dolen* of counsel] for the appellant.

*Hartman, Sheridan & Tekulsky* [*Edgar J. Drachman* of counsel], for the respondent.

FINCH, J.:

The action was brought to recover a deposit made in pursuance of a written contract between the parties, reading as follows:

" *October* 1, 1921.

" Sold this day to Mr. M. Saraga of 32 Union Sq., 50,000 dozen of Imitation Gillette Razor blades at 13c per dozen in bond. The said party to pay the duty on same on arrival. A deposit of

$1,000 which is hereby acknowledged has been paid by Mr. M. Saraga this date. The balance of $5,500 to be paid on surrendering the documents to him, which should be not later than October 10th. Mr. M. Saraga is authorized to examine his merchandise and should it not prove to his full satisfaction we agree to refund the deposit of $1,000 to him."

The action was brought and tried on the theory of conversion.

It appears that there was delay in clearing the goods because of a longshoremen's strike, so that the documents were not delivered at the time provided by the contract. After said date, however, the plaintiff continued to urge delivery, inspected the goods and found them to be satisfactory, and received and paid cash for some 28,000 dozen of said goods. He finally demanded the return of his deposit upon the ground that the defendant was in default in delivery of the aforesaid documents.

It is clear that under these facts an action in conversion cannot be maintained, since neither the legal nor equitable title to the deposit remained in the plaintiff. Said amount was paid on account of the purchase price of merchandise to be delivered in the future, and any right to recover the same must be predicated on a default of the defendant under the agreement rather than on any title in the plaintiff. (*Addington* v. *Forsyth Metal Goods Co.*, 234 N. Y. 93.)

Moreover, it is to be noted that there was not an absolute refusal on defendant's part to return the deposit, but an attempt to persuade the plaintiff to wait a little while longer, without any repudiation of obligation under the contract.

The last time the plaintiff called on the defendant for the goods, according to plaintiff's own testimony, the following was said: " I [plaintiff] said: ' Mr. Strauss, I want those goods; ' he said, ' well, we are getting them, we are getting them.' * * * Then I asked him, I said, ' Mr. Strauss, I want those goods, *I am not going to wait any longer;*' he said, ' you are not the only customer we make a living off; we have more customers we can make a living off, wait for them;' I said, ' very well, this is the last notice I am giving you for the goods.' ''

Under these circumstances, even on the theory that the plaintiff was entitled to the return of the deposit when demanded, there was no conversion. (*Terwilliger* v. *Browning, King & Co.*, 193 App. Div. 628, 634.)

The plaintiff now urges that the judgment can be sustained upon the theory of breach of contract, or money had and received. Throughout the trial, however, the plaintiff insisted that the theory of the action was conversion, and to sustain the judgment

now on a different theory clearly would be a violation of the rule that the judgment to be rendered by any court must be *secundum allegata et probata.* (*Bermel* v. *Harnischfeger,* 97 App. Div. 402.)

The defendant set up a counterclaim for $875, the price of a case of blades which he alleges the plaintiff purchased and received, but did not pay for at the time, stating he did not have the amount with him but that defendant had $1,000 of his money. The plaintiff admitted the purchase and receipt of the said case, but testified he paid cash for it. As to the counterclaim, the decision and judgment merely provided, " Defendant's counterclaim is dismissed." Section 125 of the New York City Municipal Court Code (Laws of 1915, chap. 279)* requires that the court shall make a note of the reason for dismissal, and it has been held that in the absence of such a notation, the judgment is to be deemed one of nonsuit. (*Mauro* v. *Cooper,* 181 App. Div. 884.)

It follows that the determination of the Appellate Term and the judgment of the Municipal Court, in so far as they grant judgment for the plaintiff, should be reversed and the complaint dismissed, and in other respects the said determination and judgment should be affirmed, with costs in all courts to the defendant, appellant.

Clarke, P. J., Dowling, McAvoy and Martin, JJ., concur.

Determination of Appellate Term and judgment of Municipal Court reversed in so far as they grant judgment for plaintiff, and complaint dismissed; and in other respects said determination and judgment are affirmed, with costs in all courts to the defendant appellant.

---

* Since amd. by Laws of 1923. chap. 769.— [Rep.