JACOB KARP, Plaintiff, *v.* HARLEM BUSINESS PROTECTIVE COR-
PORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, October
21, 1932.

*Henry Schantz,* for the plaintiff.

*Stein & Stein,* for the defendant.

LEWIS, DAVID C., J.   The defendant is a corporation organized
under the Stock Corporation Law of the State of New York.   It
has been conducting a business of loaning money to its so-called
shareholders, requiring the deposit of certain sums by its members
as security, with an agreement to return the shareholders' money
upon severing the membership.

The activities or transactions of the defendant have fallen within
the pale of a business forbidden to a stock corporation, and have
brought it within the field expressly reserved for banking cor-
porations.   (Banking Law, §§ 140, 453.)

What the law prohibits, a court of law should not permit.

The plaintiff became a member of the defendant corporation,
and deposited $200 with it, receiving his membership account
book, containing the rules of the organization, and in which the
amounts of his deposits and loans are entered; but he never received
any shares or certificates of stock.

The plaintiff had procured certain loans as a member of the
defendant, which he repaid in full.   He also indorsed a note cover-

ing a loan made to another member (Max Fisher), which has not been repaid.

In an action brought by this defendant upon such note against Fisher as the maker and the plaintiff as an indorser, the Appellate Term ruled: " It is clear that plaintiff was doing a banking business * * *. Complaint dismissed on the merits."

In that action no specific disposition was made of the counterclaim interposed by this plaintiff as a defendant, and constituting the same cause of action now before this court.

Upon resort to and a reading of the record, our conclusion is confirmed that the defendant's cause of action has never been disposed of on the merits, and is properly the subject for litigation at this time. (*Kaplan* v. *Friedman Co.*, 148 App. Div. 14, at p. 18; *Jones* v. *Gould*, 145 id. 271, at p. 274; *Cahill* v. *Wissner*, 183 id. 659, at p. 662; *Forrester* v. *Riggi*, 166 N. Y. Supp. 768; *Mauro* v. *Cooper*, 181 App. Div. 884; *Clark* v. *Scovill*, 198 N. Y. 279, at p. 283; *Saraga* v. *Strauss*, 208 App. Div. 66, at p. 68.)

The plaintiff now seeks to recover his deposits of $250, withheld by the defendant. The defendant insisted under its rules that it has the right to retain this money until the liability assumed by the plaintiff as an indorser for the loan to Fisher is fully satisfied.

On what theory can the defendant withhold plaintiff's money as security for the enforcement of an unenforcible obligation, the Appellate Term having declared the transaction with Fisher illegal and the note void?

Then, again, it is apparent that the defendant purported to receive plaintiff's money on deposit — specifically agreeing to return his money. (See defendant's rule 10.)

One senses it was not by mere chance that the features of the defendant's transactions strongly resemble a banking business. The methods, terms, rules and conditions deliberately adopted and practiced by the defendant plainly identify its activities as a banking business. Such was in fact and in law the defendant's business when the plaintiff dealt with it.

The Banking Law expressly prohibits a stock corporation from employing its funds in the conduct of a banking business. And where the activities of a stock corporation constitute a banking business, the court cannot separate a single entire banking transaction into part valid and part invalid; but the entire transaction must be condemned.

If the defendant, as a stock corporation, saw fit to undertake a business it had no legal right to engage in — as between this plaintiff and this defendant — the defendant alone is responsible for the result and should alone bear the consequences. (*Duval* v. *Wellman*, 124 N. Y. 156.)

We are not here dealing with the ordinary corporate transaction of a business corporation, nor with the ordinary subscription and purchase of its capital stock by an individual. The statutory inhibition ran against a corporate defendant entering the banking field, and not against an individual plaintiff depositing his money with it. And if the defendant had no right originally to take or receive plaintiff's money on deposit, how can the court now give it a right to retain it?

Upon the facts presented and upon the law as it stands, the motion for summary judgment should be granted, with ten days' stay.