DARLING SHOPS, INC., OF DELAWARE, Landlord, Appellant-Respondent, *v.* LORD'S SPECIALTY SHOP, INC., Tenant, Respondent-Appellant.

Supreme Court, Appellate Term, First Department, January 9, 1947.

*Samuel J. Siegel, Stanley M. Dorman* and *Eugene Frederick Roth* for appellant-respondent.

*Morton Miller* and *Meyer Schwartz* for respondent-appellant.

MEMORANDUM *Per Curiam.* The court below was warranted in concluding that the landlord did not prove that it sought in good faith to recover possession of the premises for its own immediate and personal use. The addition of the phrase " without prejudice to a renewal thereof " had no special significance (N. Y. City Mun. Ct. Code, § 125; L. 1915, ch. 279, as amd.; *Saraga* v. *Strauss,* 208 App. Div. 66); in any event, where a landlord seeks to recover possession, an earlier decision based

on the failure to meet the statutory requirements is a binding adjudication only as to the situation as it existed at that time. Accordingly, there is no reason to reverse the order amending the final order.

If another proceeding should be brought, the question whether the landlord holds the premises for a term of not less than ten years, within the meaning of subdivision (h) of section 8 of the Business Rent Law (L. 1945, ch. 314, as amd. by L. 1946, ch. 273), will be involved. Accordingly, we deem it expedient to state our views on this issue at this time. The lease under which the landlord holds the property, made August 11, 1944, is for a term of twenty years. However, it contains a clause providing that if at any time after July 31, 1948, the owner receives an acceptable offer to purchase the property, he shall offer the lessee the property on the same terms, and if the lessee fails to accept the offer, the lessor shall be free to sell the property, and the lease shall be terminated upon a ninety-day written notice that the property has been sold. In our opinion, this provision does not take the case outside the scope of those situations in which the Legislature, in adding subdivision (h) of section 8, sought to give the landlord a remedy.

The final order as resettled, and order denying motion to set aside the final order should be affirmed, without costs to either party.

The appeal from orders of September 12 and September 30, 1946, should be dismissed.

HAMMER, SHIENTAG and HECHT, JJ., concur.

Ordered accordingly.