WILLIAM HARNICK, Appellant, *v.* SAMUEL JAWITZ, Respondent, et al., Defendants.

First Department, June 30, 1953.

*Henry N. Rapaport* of counsel (*Robert S. Garson* with him on the brief; *Rapaport Brothers,* attorneys), for appellant.

*Louis L. Friedman* of counsel (*Harry Silver* with him on the brief; *Friedman & Friedman,* attorneys), for respondent.

*Per Curiam.* Landlord appeals by permission from determination of the Appellate Term which reversed a final order of the Municipal Court granting possession of the premises to landlord. Appellate Term granted a new trial.

In the proceeding landlord seeks to obtain possession of the premises for his own use pursuant to the provisions of the Business Rent Law (L. 1945, ch. 314, § 8, subd. [d], as amd. by

L. 1952, ch. 417). Under the provisions of the statute, the landlord who seeks possession must, in addition to establishing his good faith in requiring possession of the business space for his immediate and personal use, have an equity in the property of not less than 20%. Landlord in the instant case has such equity. The issue involved is whether he seeks possession in good faith. Landlord is a florist and fruiterer who has for eight years operated a store nine and one half by forty feet located on Sixth Avenue in the textile and garment district. He claims that in order to acquire additional space he purchased, in 1948, a small building immediately adjoining his store. In 1949 he instituted a proceeding to obtain possession of tenant's premises. At that time the statute required an equity of at least 25%. Upon the trial irregularity of entries in his books with respect to his equity was disclosed. For this reason, and perhaps others, the court found that the landlord had not established "by a fair preponderance of the credible evidence that he in good faith seeks the building ". No appeal was taken from that determination.

Three years later, in March, 1952, the present summary proceeding was instituted. The tenant interposed the defense of *res judicata*. The trial court rendered decision in favor of the landlord. A final order issued entitling the landlord to possession. Upon appeal to the Appellate Term that court held that " The landlord failed to show that the existing situation differs so substantially from that established when the first summary proceeding, based on the same ground, was dismissed, as to overcome the conclusive effect of the determination in the prior proceeding."

We believe that the principle of *res judicata* applies to a proceeding of this kind. But the issue determined in the 1949 proceeding was the landlord's good faith at that time in requiring the premises for his immediate and personal use together with the requirement of a 25% equity. In the 1952 proceeding, the present one, the issue is the good faith of landlord in 1952 in requiring the premises for his immediate and personal use and whether he has a 20% equity. With respect to both of these issues, had there been no proof different from that offered in the 1949 proceeding, tenant would have been entitled to an order in his favor. The prior order operated as an estoppel, at the least, the evidence being offered on the issues being the same. However, the proof was not the same. Landlord proved an increased equity investment by virtue of reduction of the principal of the mortgage. He showed the continued growth of his business,

which he argued necessitated greater space than that provided by the very narrow store that he now has. In addition he had prepared plans for the alteration of the premises, and these plans were received in evidence. All of this constituted additional and new evidence with respect to his good faith in 1952 in requiring the premises for his immediate and personal use. Since, as we see the issue, it is not so much a question of change of circumstances as it is a question of establishing by proof the intention and motive at a different time, we find that landlord is not frustrated by the earlier order. (*Darling Shops* v. *Lords' Specialty Shop,* 188 Misc. 338 [App. Term, 1st Dept., 1947].)

The determination of the Appellate Term reversing a final order in the Municipal Court and granting a new trial should be reversed and the final order of the Municipal Court should be reinstated, with costs to appellant in this court and in the Appellate Term. Settle order providing for a stay until September 30, 1953.

PECK, P. J., GLENNON, DORE, BREITEL and BERGAN, JJ., concur.

Determination of the Appellate Term reversing an order of the Municipal Court and granting a new trial, unanimously reversed and the final order of the Municipal Court reinstated, with costs to the appellant in this court and in the Appellate Term. Settle order on notice providing for a stay until September 30, 1953. [See *post,* p. 832.]