James S. Bkown, J.
On November 12, 1956 petitioners via a written contract ordered cabinets to be made and delivered by the assignor and gave a $400 deposit for same. The assignor never delivered the cabinets. On February 15,1957, the assignor assigned for the benefit of creditors. On February 12, 1957 petitioners sued the assignor for breach of contract, demanding the return of the deposit, recovered a default judgment which was entered on March 29,1957 and filed their claim as judgment creditors with the assignee on May 17,1957.
Petitioners now request that the assignee be directed to pay to them the sum of $400 on the theory that said sum is a trust fund because it was obtained through fraud and willful misrepresentation at a time when the assignor was insolvent and knew it could not make and deliver the cabinets. Petitioners claim that this trust fund cannot be used for any other purpose except as intended and that the assignee does not have title to same.
The assignee claims that the transaction established the usual debtor-creditor relationship only and that petitioners are entitled only to their distributive share after the payment of administrative expenses and priority claims. This contention is supported by the case of Addington v. Forsyth Metal Goods Co. (234 N. Y. 93) wherein the court stated on page 97: “We know of no principle or authority under which moneys paid in advance on a contract to be performed by the payee become a trust fund in the latter’s hands where as in the present case they are not kept as a separate fund but are simply credited to the payer. The legal aspect of such a transaction is that the one pays to *1006 the other a certain sum of money in consideration of which the latter agrees, as in this case, to make and deliver certain articles. The result of the transaction is that if the payee defaults on his agreement, the one paying has a cause of action in some form for breach of contract or to recover back the moneys which he had paid. But his right thus to recover is based upon the failure of the payee to do as he agreed to do in consideration of the payment to him of the moneys and is not based on any theory that the one paying retained the legal or equitable title to the moneys which were paid.”
Furthermore, the court cannot consider the claim of fraud in petitioners ’ affidavit since the complaint upon which the Municipal Court judgment was obtained stated a cause of action upon a contract and petitioners now have the status of judgment-creditors by virtue of that same judgment.
Accordingly, this motion is denied.