(47 App. Div. 262.)

HAWKINS et al. v. GEORGE RINGLER & CO.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

1. JUDGMENT—CONCLUSIVENESS OF ADJUDICATION.

In an action for rent against a tenant holding over after the expiration of his lease, a judgment for a portion of the rent, obtained against him in a former action by the landlord, is conclusive as to disputed facts of retention by the tenant and re-entry by the landlord.

2. TRIAL—QUESTION FOR JURY—CONFLICTING EVIDENCE—LANDLORD AND TENANT.

Where, under the terms of a lease, defendant is required to keep the premises clean and in good order, and there is a conflict of evidence as to the cause of the deterioration of the building, and whether plaintiff assumed to make the repairs on his own responsibility, the question is for the jury.

3. EVIDENCE—LANDLORD AND TENANT—ACTION FOR REPAIRS.

In an action for a sum expended on repairs properly to have been made by defendant under the terms of a lease, evidence as to a requirement of

the health department may be admitted, where it is not objected to on the ground that it is at variance with the pleadings, but only on account of an objection, previously made, to a notice of the building department, there being no record of such objection.

Appeal from trial term, Kings county.

Action by Abial M. Hawkins and another, as trustees, against George Ringler & Co. From a judgment for plaintiffs and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Edward Miehling, for appellant.

John J. Sullivan, for respondents.

GOODRICH, P. J. The plaintiffs bring this action to recover the rent of premises No. 36 Sixth avenue, in the former city of New York, from June, 1897, to January, 1898, inclusive, and for the amount of repairs made to the premises; the action being based on a lease made in 1891 by the plaintiffs' testator to the defendant corporation for the term of five years, ending May 1, 1897. The defendant, on the day of the date of the lease, sublet the premises to Thomas J. and James T. Wallace for the same term. The Wallaces went into possession and occupied the premises until May 2, 1898, when the plaintiffs instituted summary proceedings to dispossess them, under which a warrant of removal was ordered on May 3d. The plaintiffs, claiming that the defendant had held over after the expiration of the lease, notified it of their intention to hold it as tenant for another year, and in June, 1898, brought an action against the defendant for the May rent. In that action the defendant denied that it remained in possession of the premises after May 1, 1897, and alleged that the premises were unsafe and untenantable; that the building department of the city had condemned the building as unsafe; that whatever property of the defendant was left on the premises was left there at the instance of the plaintiffs, and to prevent the fall of the building; and that the plaintiffs took possession of the premises on May 1st, and thereafter continued to hold them. The plaintiffs recovered judgment in that action. On the trial of the present action, the former judgment was offered in evidence, and the court charged the jury that the plaintiffs were entitled to a verdict for the amount of the rent. This was proper, as the former judgment was res judicata between the parties.

The second cause of action relates to the amount expended by the plaintiffs for repairs, under the seventh and tenth clauses of the lease, which read as follows:

"Seventh. That it [the lessee] will at all times during the term hereby granted, and at its own cost and expense, keep the building and premises, and all appurtenances thereto, clean and in good order and repair, and make and do all repairs thereto, and will promptly comply with all rules and requirements of the board of health, police, and fire departments, and all other municipal authorities of the city of New York."

"Tenth. That at the expiration of the said term it will quit and surrender the premises hereby demised in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted."

The court charged the jury that it was the duty of the defendant, under this clause, to keep the premises clean and in good order, and to properly comply with the rules and requirements of the boards of the city and of the municipal authorities. There was a conflict of evidence whether the condition of the building was occasioned by the acts and omissions of the defendant and its subtenants, or resulted from the natural deterioration and decay of the building itself, and whether the plaintiffs assumed and agreed to make the repairs on their own responsibility. The evidence was of such a character as to require a submission of the case to the jury, and the court fairly submitted it in a charge to which no exception was taken. It follows that the exception to the motion to dismiss the complaint is untenable.

There was no dispute as to the amount of the repairs. The defendant properly contends that the burden of proof was upon the plaintiffs to establish that the want of repair was not caused by the reasonable use, wear, and tear of the premises, and the evidence was sufficient to establish this fact. The defendant excepted to evidence of the requirement of the health department, because the complaint alleged only requirements of the building department. But the objection was not put on the ground that the evidence offered was at variance with the pleadings, but only on the ground of objection previously made as to the notice of the building department, and that the repairs done under this notice were done without its consent and knowledge. There is not in the record any previous objection or exception to the admission of the notice from the building department. Besides, the defendant in its answer admitted that the building department ordered repairs, the nature of which it is unnecessary to state, and that the premises at the time of the order were unsafe and untenantable.

The defendant also set up an eviction, or partial eviction, on the ground that the plaintiffs entered the premises for the purpose of doing the necessary repairs after the defendant had been notified, and refused to do them. This question also was adjudicated in the former action, in which the answer set up that on May 1, 1897, the plaintiffs took and held possession of the premises, and the judgment in that action necessarily is conclusive.

We find no other exceptions requiring consideration, and are of opinion that there was evidence sufficient to sustain the verdict, and that the judgment should be affirmed, with costs. All concur.