### DUCKER v. DEL GENOVESE.

(Supreme Court, Appellate Division, Second Department.   April 29, 1904.)

1. LANDLORD AND TENANT—LEASE—IMPLIED WARRANTY—CONDITION OF PREMISES.

There is no implied warranty that premises are fit for the purpose for which they are leased.

2. SAME—CONSTRUCTION OF LEASE—REPAIRS—DESTRUCTION OF BUILDING—REBUILDING.

A lease of factory buildings provided that the lessee would make all repairs of whatever description, and in every respect maintain the property so that there would be no expense whatsoever to the lessor other than the regular city tax, etc.; and that at the expiration of the term the lessee would surrender the premises in as good condition as reasonable use and wear thereof would permit, damages by the elements excepted. *Held*, that the lessee was not obligated to rebuild the buildings after their collapse through no fault of his.

Appeal from Special Term.

Action by Maria E. Ducker against Alfredo Del Genovese. From a judgment sustaining a demurrer to the complaint, complainant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Nathan Ottinger (John Frankenheimer, on the brief), for appellant.
William H. Cochran, for respondent.

WOODWARD, J.   The complaint attempts to set forth two causes of action—one for rent, and the other for damages alleged to have been sustained by reason of the collapse and total destruction of the building upon the premises, which she had leased to the defendant. The defendant demurs to the second cause of action on the ground that it does not state facts sufficient to constitute a cause of action, in that it fails to allege that the building collapsed through any fault of the defendant. The demurrer was sustained at Special Term, and appeal comes to this court, the question of law being the proper construction of the lease under which the defendant occupied the premises.

The lease is for a period of 10 years, and covers the factory property known as 42 and 44 Fulton street and No. 37 Doughty street, borough of Brooklyn, and the plaintiff contends that the defendant

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 442.

undertook absolutely to redeliver the premises in their original condition at the end of the term, under clauses of the lease reading as follows:

"And the said party of the second part doth covenant to pay unto the said party of the first part the said yearly rent as herein specified. And make all repairs of whatever kind or description to said property, keep roof and all outside in order, and in every respect maintain said property so that there will be no expense whatsoever to party of the first part other than the regular city tax (except water tax) and the insurance. * * * And that at the expiration of the said term the said party of the second part will quit and surrender the premises hereby demised in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted."

It is conceded that some time after the defendant entered into possession of these premises the buildings collapsed and fell in, so that under the orders of the local authorities the same were completely demolished; and the theory of the plaintiff is that she is entitled to recover the value of these buildings, because the defendant, under his covenant to repair and maintain said property, has failed to restore them. There is no allegation in the complaint of any negligence on the part of the defendant producing the collapse. There is nothing to suggest that the collapse was due to any failure on the part of the defendant to repair any defects which were discoverable upon a reasonable inspection of the premises, and the action rests wholly upon the proposition that the defendant, in covenanting to make repairs and to maintain the premises, took upon himself the duty of restoring the buildings which collapsed through no fault of his own, but, as we may assume, through structural defects which were unknown to the parties either at the time of entering into the contract or prior to the falling of the buildings. We are clearly of opinion that the covenants of the lease do not impose the burden which the plaintiff undertakes to assert; that a covenant to repair and maintain buildings is not a covenant to reconstruct buildings destroyed through no fault of the tenant, unless the language is such as to absolutely compel this conclusion. Where a doubt exists as to the meaning of words, resort may be had to the surrounding facts and circumstances to determine the meaning intended. If the language of a promise may be understood in more senses than one, it is to be interpreted in the sense in which the promisor had reason to believe it was understood. Gillet v. Bank of America, 160 N. Y. 549, 555, 55 N. E. 292, and authorities there cited. If we place ourselves in the position of this defendant, about to rent these two factory buildings, we may assume safely that he contemplated that he was securing buildings which were reasonably adapted to the uses for which he was hiring them, and, while it is true that, in the absence of some provision in the contract, there is no implied warranty that the premises are fit for such purposes, the language of the contract is to be construed as contemplating buildings which, under ordinary circumstances, would continue in existence during the demised term. The plaintiff proposed to him, by the language of the contract, not that he should insure the continued existence of such buildings, but that he should "make all repairs of whatever kind or description to said property, keep roof and all outside in order, and in every respect maintain said property"; not in the sense of insuring its continued existence, but "so that there will be no expense whatso-

ever to party of the first part other than the regular city tax," etc. That is, assuming that the buildings would remain, the defendant covenanted to make all repairs, both inside and outside, including the roof, and to "maintain said property so that there will be no expense whatsoever to party of the first part," which involved painting and whatever was necessary to keep the buildings in a state of preservation. This is what the language fairly imports. It is what the defendant, reading over the language of the covenant, had a right to understand was intended by the plaintiff. The effort to place upon this covenant a construction which made the defendant an absolute insurer of the buildings is without warrant under any rule of construction which has been called to our attention, or with which we have any acquaintance. The covenant relates to repairs and maintenance of the buildings in existence, not to the reconstruction of the buildings which might be destroyed by the elements; and, the covenant specifying the nature of the repairs which were contemplated, we are of opinion that it comes within the well-settled principle of construction that, where words of general description are associated with words of particular description, the general words, in the absence of anything clearly manifesting a contrary intent, shall be limited so as to be ejusdem generis with the particular words. Belden v. Burke, 72 Hun, 51, 83, 25 N. Y. Supp. 601; Given v. Hilton, 95 U. S. 591, 598, 24 L. Ed. 458; Matter of Reynolds, 124 N. Y. 388, 397, 26 N. E. 954; Morton v. Woodbury, 153 N. Y. 243, 253, 47 N. E. 283; Johnson v. Goss, 128 Mass. 433, 434. The language of this covenant dealt with details. It specified particular repairs which were to be made, and thus limited the construction to be put upon the broad language used in that connection. This is the fair and reasonable view of the contract between the parties, and the courts will not attempt to enlarge the scope of the agreement where the obvious result must be an injustice. If the buildings fell without fault on the part of the defendant, it could not be the duty of the latter to rebuild them, under the language which the plaintiff has used in her contract with him, and the interlocutory judgment sustaining the demurrer is supported by reason and authority.

The interlocutory judgment appealed from should be affirmed, with costs. All concur.