(101 App. Div. 3)

### STREET v. CENTRAL BREWING CO.

(Supreme Court, Appellate Division, Second Department. January 6, 1905.)

1. LEASES—COVENANT TO REPAIR—EXTRAORDINARY REPAIRS—LIABILITY OF TENANT.

Where a lessee covenanted to keep the premises generally in good repair during the term of the lease, and also to repair the plumbing work, pipes, glass, fences, etc., and surrender the premises in as good a condition as reasonable use and wear thereof would permit, damage by the elements excepted, the covenant covered only ordinary repairs, and did not require the tenant to rebuild a gable wall of the building, which had become dilapidated as the result of time and wear.

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. §§ 541, 545.

Appeal from Municipal Court of New York.

Action by Catharine F. Street against the Central Brewing Company. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Charles Blandy, for appellant.
Martin Paskus, for respondent.

HIRSCHBERG, P. J. The plaintiff, as assignee of the lessor of certain premises in the borough of Brooklyn, sues to recover for the alleged breach of a covenant to repair made by the defendant, as lessee. The lease contains these provisions:

"And the lessee agrees, as soon as practicable, to put the plumbing work and the premises generally in good repair, and protect the same and to replace all glass, which may be found broken on said premises at the time of the lessee taking possession. And the lessee agrees that it will, during the term of this lease, keep the plumbing work, pipes, glass, fences and the premises generally in good repair, and at the expiration of the term quit and surrender the premises in as good a state and condition as reasonable use and wear thereof will permit, damages by the elements excepted."

The lease was executed and possession of the premises delivered to the defendant in the spring of 1903. The plaintiff claims that at that time one of the gable walls was out of plumb. In the fall of 1903, during the continuance of the term, it became so far out of plumb that it was condemned by the municipal authorities as unsafe, and it accordingly became necessary to rebuild it. After a fruitless attempt to induce the defendant to rebuild the wall, the work was done by or on behalf of the plaintiff, and the action is to recover the amount expended in the doing of that work.

The building is very old, and there is no claim that the defect was occasioned by the defendant. On the contrary, the dilapidation was undoubtedly the result of time and wear. The plaintiff proved by the building inspector who had condemned the old wall that, "in the condition it was in," it "could not be repaired so as to be safe." It was a wall 28 feet in depth, about 5 feet high of brick, and above that height of frame; but, in restoring it, the plaintiff, for what were doubtless sound economical reasons, built it about 12 feet high of brick. The only question presented is whether the defendant's covenants bound it to make this necessary change in the demised building. I think not. I think that under the authorities the covenants on the part of the defendant are covenants to make ordinary, and not extraordinary, repairs, and are to be limited to repairs, as such, and not to the work of restoration or renewal, where decay is so extensive as to render repair, in the ordinary sense, impossible. Any other construction would require a total rebuilding by the tenant in case the house fell to pieces, which would be in conflict with our recent decision in Ducker v. Del Genovese, 93 App. Div. 575, 87 N. Y. Supp. 889, and also with a further provision in the lease which binds the lessor to repair in

case the premises shall be partially damaged by fire, and which also provides that, in case the building be totally destroyed or so damaged by fire as to be untenantable, the lessee may surrender possession, and the lease shall end. The case of Lockrow v. Horgan, 58 N. Y. 635, cited by the appellant, might require a contrary conclusion, if it should be deemed controlling. There the tenant, under a covenant to make all necessary repairs, was held bound by the settling of the rear wall of the demised building, owing to the original defective construction of the foundation; but it does not appear from the report that the injury might not have been prevented or obviated by ordinary repairs, without rebuilding. In Butler v. Kidder, 87 N. Y. 98, the Court of Appeals held that a general covenant on the part of the lessee to repair the demised premises would not prevent such lessee from surrendering them, under chapter 345 of the Laws of 1860, in the event that they became untenantable without fault on his part. And in May v. Gillis, 169 N. Y. 330, 62 N. E. 385, it was held that a covenant by a lessee to make "all inside and outside repairs" imports only a general covenant to make ordinary, and not extraordinary, repairs. The reasoning of the court in that case seems quite applicable here. Judge Werner said (page 333, 169 N. Y., page 386, 62 N. E.):

"We think the words 'all inside and outside repairs' import simply a general covenant. Under this clause the defendant was bound to make all ordinary repairs, but was not called upon to make those which were extraordinary. To give these words the force and meaning contended for by the respondents would make the defendant liable to rebuild in case of complete destruction of the premises. Under such a construction, there could be no other limitation upon the liability of the defendant. Such an interpretation is neither reasonable nor necessary, especially as applied to the facts of this case."

The requirement in the case at bar that the lessee shall make general repairs is set forth expressly in connection with the plumbing work, pipes, glass, and fences of the property; and that connection tends to indicate that it is the ordinary repairs necessitated by the ravages of ordinary use which were in mind, rather than radical changes in the structure, of a permanent, substantial, and unusual character. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.