THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. SADIE BETAR, Appellant.

*Crimes — keeping disorderly house — judgment of conviction affirmed.*

People v. Betâr, 211 App. Div. 829, affirmed.

(Argued January 26, 1925; decided February 25, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 22, 1924, which affirmed a judgment of the Court of Special Sessions of the city of Albany, convicting the defendant of the crime of keeping a disorderly house.

*Andrew J. Nellis* for appellant.

*Charles J. Herrick, District Attorney,* for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ. Absent: MCLAUGHLIN, J.

---

ETHEL E. J. HOLDEN, Appellant, v. ANNA O'BRIEN et al., Respondents.

*Landlord and tenant — lease of real property with covenant by lessee to make repairs and comply with direction of authorities in abatement of nuisances — when lessee not obliged to pay for alteration of building in removing encroachment on street by order of authorities.*

Holden v. O'Brien, 209 App. Div. 266, affirmed.

(Argued January 26, 1925; decided February 25, 1925.)

APPEAL, by permission, from a judgment, entered June 16, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed a determination of the Appellate Term affirming a judgment of the Municipal Court of the city of New York in favor of plaintiff and directed a dismissal of the complaint. Plaintiff leased premises in the city of New York to defendants, the lease containing provisions that the lessees would make all outside and inside repairs and comply with all orders of authorities " for the correction, prevention and abatement of nuisances or other grievances " upon said premises. During the term of the

lease the city authorities directed the removal of the front stoop of the building on the ground that it encroached upon the street. The lessees refusing to do the work the landlord had it done and brought this action to recover the cost.

*Harry Bijur* for appellant.

*Martin Bourke* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ. Absent: MCLAUGHLIN, J.

---

DORA LEPOLSTADT, Respondent, *v.* CHILDS COMPANY, Appellant.

*Negligence — failure to keep entrance to building free from ice and snow — action to recover for injury from slipping on step.*

. *Lepolstadt* v. *Childs Co.*, 210 App. Div. 842, affirmed.

(Argued January 26, 1925; decided February 25, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered October 21, 1924, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The complaint alleged that on February 9, 1921, the plaintiff was an employee of a tenant in the building 403 Sixth avenue, which was in the possession and control of defendant under a lease. At about eight o'clock in the morning on that day, while stepping up on the entrance to the hallway of the building, she was caused to fall and fracture her right leg, by reason of slipping on an accumulation of ice and hard snow, which had been allowed to remain on the step for at least a week or ten days prior to the accident.

*Walter L. Glenney* and *Bertrand L. Pettigrew* for appellant.

*George F. Hickey* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ. Absent: MCLAUGHLIN, J.