EDWARD SULLIVAN and Others, Plaintiffs, *v.* NEW YORK UNITED REALTY CO., INC., Defendant.

First Department, March 12, 1937.

*George H. Corey* of counsel [*Man & Man,* attorneys], for the plaintiffs.

*Edward I. Kleinfeld* of counsel [*H. Waldemar Jacobsen* with him on the brief], for the defendant.

GLENNON, J.   Plaintiffs are landlords and the defendant is the tenant of the premises located at the northeast corner of Fourteenth street and Third avenue, in the borough of Manhattan, city of New York.   The building located thereon is a five-story brick and stone structure " used now and at the time when defendant entered into possession " as a rooming house on the upper floors with stores on the street level.   The property was leased by the plaintiffs on November 24, 1928, to the United Cigar Stores Company of America for a term commencing May 1, 1929, and ending March 31, 1938. The United Cigar Stores Company was adjudicated a bankrupt on August 29, 1932, and the Irving Trust Company was named as trustee.

An agreement, to which the plaintiffs were parties, was entered into on the 22d day of December, 1932, whereby the lease to the United Cigar Stores Company was assigned, transferred and set

over to the defendant. It is not disputed that the defendant assumed the lease with a modification only as to the amount of rental, and agreed to be bound thereby, and to observe and carry out and perform all the terms, covenants and conditions therein provided.

The department of buildings on August 22, 1935, issued an order to the defendant containing the following directions:

" [1] Enclose the inside cellar stairs with fireproof partition as required by Section 442 of the Building Code and provide self-closing doors at top and bottom.

" [2] Fire retard the cellar ceiling with wire lath and two coats of cement plaster or $\frac{1}{2}$ plaster board and 26 gauge metal as required by Section 440 of the Building Code and Rules and Regulations of the Board of Buildings.

" [3] Provide fire escapes so as to be accessible to every room on the 2nd, 3rd, 4th and 5th stories without passing through the public hall in order to obtain access to the fire escapes. Sec. 161 of the Building Code and Rules and Regulations of the Building Department.

" [4] Fire escape application and building notice must be filed and approved in the department of buildings before starting work."

A similar notice bearing date February 5, 1936, was forwarded to the plaintiffs. It is stipulated that after extensive correspondence between the plaintiffs' attorney and the defendant, the plaintiffs complied with the order at a cost of $1,475.

The question which we are to determine upon this submission is whether or not plaintiffs are entitled to be reimbursed at the hands of the defendant for the expenditures which they made. In order to answer the question, we naturally look to the clause of the lease upon which the plaintiffs rely. It reads in part as follows: " The Lessee shall promptly execute and comply with all statutes, ordinances, rules, orders, regulations and requirements of the Federal, State and City governments and of any and all their departments and bureaus applicable to said premises for the correction, prevention and abatement of nuisances or other grievances in, upon or connected with said premises during said term and shall also promptly comply with and execute all rules, orders and regulations of the New York Board of Fire Underwriters for the prevention of fires at his own cost and expense." In connection therewith we direct attention to the following facts as stipulated:

" 12. That at the time the defendant entered into possession of said premises said premises were equipped with fire escapes on the northerly and southerly sides of said premises, extending from the roof to the street level, and there never had been at any time

fire escapes erected in the manner described in the Multiple Dwelling Order No. 367 hereinafter set forth in full; the inside cellar stairs were not and never had been enclosed with fire proof partitions as described in the aforesaid order; and that the cellar ceiling was not and never had been fire retarded with wire lath and two coats of cement plaster, or one-half plaster board and twenty-six gauge metal as described in the aforesaid order."

We do not believe it was ever contemplated by the parties at the time the defendant assumed the lease, that it might become obligated to make structural changes in the premises for the purpose of complying with the law covering buildings of this type. The thought apparently never entered the minds of either the landlords or the tenant that it might become necessary, during the term of the lease, to erect fire escapes which would be accessible to every room on the second, third, fourth and fifth stories, as was provided for in the order of the department of buildings.

It is also safe to say that neither the landlords nor the tenant believed that it might become necessary to inclose the inside cellar stairs with fireproof partitions and fire retard the cellar ceiling. These changes in the construction of the building did not amount to " nuisances or other grievances " within the meaning of the lease. We believe that the purpose of the clause in the lease as quoted was to save the landlords the expense of the correction, prevention and abatement of nuisances or other grievances which might be created by the defendant during its tenancy.

It is unnecessary in deciding the question here involved to cite cases on this subject since those of any importance are discussed in the opinion of Justice MARTIN in *Holden* v. *O'Brien* (209 App. Div. 266; affd., 240 N. Y. 560).

It should be noted that the factual situation in *Cohen* v. *Margolies* (192 App. Div. 217; affd., 232 N. Y. 584), the authority upon which plaintiffs chiefly rely, is readily distinguishable from that now under consideration. There, the defendant pursuant to the terms of the lease, at his own cost and expense, changed the structure from one which was purely residential into a building which was intended for commercial and residential uses. The order for fire escapes was issued under subdivision 4 of section 79-b of the Labor Law as it then existed. " That section," said Mr. Justice GREEN-BAUM in writing the majority opinion, " in terms is applicable to a factory building, from which we may infer that the premises in question had been altered by the tenants for factory uses and that the alterations were in fact made pursuant to the provisions of the lease." Here no structural alterations were contemplated by the parties. The building was " used now and at the time when defend-

ant entered into possession of said premises for stores on the first floor and as a furnished-room house on the upper floors thereof."

Accordingly, judgment should be rendered in favor of defendant, with costs.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Judgment directed in favor of the defendant, with costs.    Settle order on notice.