Guy Gilbert Ribaudo, J.
The landlord has commenced this holdover proceeding against the tenant to recover possession of the premises by reason of an alleged violation of a provision of the lease which expired on September 30,1962. Paragraph “ 6 ” of the lease provides: “ Tenant at its sole expense shall comply with all laws, order and regulations of Federal, State, County and Municipal Authorities, and with any direction of any public officer or officers, pursuant to law, which shall impose any violation, order or duty upon Landlord or Tenant with respect to demised premises, or the use or occupation thereof.”
The lease was entered into September 10, 1957, for a term of five years. The premises were to be used for garaging, servicing, repair and storage of automobiles and spare parts. Attached to the lease was a copy of the certificate of occupancy issued by the New York City Department of Housing and Buildings. On May 16, 1962, the Department of Buildings notified the landlord that a violation existed in the premises, particularly “ in that there is no secondary means of egress from the first and second floors.” The violation, it appears, had been filed against the premises on June 28, 1961. Thereafter, the tenant was advised by letter that they were required to remove this violation pursuant to paragraph “ 6 ” of the lease. On July 11, the attorneys for the tenant advised the landlord that they disclaimed any liability for the removal of the violation. On July 23, 1962, the landlord gave tenant notice that it elected to cancel the lease as of July 31, 1962. On August 21, 1962, landlord commenced these proceedings. The tenant interposes two defenses: that it was not within the contemplation of the *452 parties to the lease that the tenant should make these particular repairs or make any structural or radical renovations to effect the same, and that no timely or proper notice of the alleged violation was given to the tenant.
The court has no doubt that the violation herein pertains to structural repairs and that pursuant to the lease provisions and under all the circumstances appearing herein, the tenant is not liable to the landlord for the removal of said violation. There is no merit to the landlord’s claim that since the violation was caused by the tenant’s use and occupancy, that it must, therefore, remove the same. Judging from the date on which the violation was filed by the Department of Buildings and the date notice was given to the tenant, and, in addition thereto, the fact that the landlord on its own volition, sought an estimate of the cost of making these alterations and repairs in January of 1962, it seems obvious that the landlord’s contention is an afterthought. It would be extending the theory of rights and liabilities as between landlords and tenants to an incongruous point if the cost of remedying this violation was foisted upon the tenant.
Our courts have repeatedly held that a tenant shall not be required to make extraordinary repairs or structural changes of a substantial nature, such as exhibited in this case, unless there was a clear expression of such intent by the parties. iSuch interest is negatived by paragraph 52. (Holden v. O’Brien, 209 App. Div. 266, affd. 240 N. Y. 560; Warrin v. Haverty 159 App. Div. 840; Sullivan v. New York United Realty Co., 250 App. Div. 286.)
Paragraph ‘‘ 52 ” of the lease in essence modifies paragraph “4” and these two paragraphs have to be read together. A fair interpretation of paragraph “52” excludes structural repairs of the kind here involved even though these repairs were made necessary by the tenant’s occupancy provided said occupancy is in accordance with the lease. The tenant used the premises for no other purpose than that specifically set forth in the lease. The landlord gave a practical construction to the lease by its failure to request repairs for almost a year after it was officially apprised of the violation, and this seems to indicate that this proceeding is an attempt merely to retain the security under the lease upon the ground that the tenant has violated a substantial obligation of the lease.
It is apparent that the tenant made no other use of the premises other than that specifically permitted by the express provisions of the lease. If the landlord leased the premises for an illegal or prohibited use he cannot now be heard to claim any *453 benefit from his own conduct in making such a lease and thereby impose liability on the tenant. It was within the contemplation of the parties that the tenant would use the premises, inter alia, for repair work and it was also within their contemplation that structural repairs of this kind were not the responsibility of the tenant.
Accordingly, the court finds that the tenant has not violated a substantial obligation of the lease and grants a final order for the tenant, dismissing the petition.