Maxwell Shapibo, J.
Landlord institutes this holdover proceeding to oust the store tenant because the tenant keeps its retail men’s clothing store open on Sundays.
. The tenant is a well-known retail clothier, who, particularly by radio, for many years, has advertised its location to the public. It has occupied the store premises for upwards of 30 years and presently is in possession pursuant to a lease executed on October 1, 1958 and terminating on February 28, 1968, subject to an option by the tenant to extend the term to February 28,1973.
The landlord predicates this proceeding upon a claimed violation of paragraph “ 6 ” of its standard form of lease. The provision asserted as being the ground for terminating the lease is as follows: ‘ ‘ Tenant at its sole expense shall comply with all laws, orders and regulations of Federal, State, County and Municipal Authorities, and with any direction of any public officer or officers, pursuant to law, which shall impose any violation, order or duty upon landlord or Tenant with respect to demised premises, or the use or occupation thereof
Manifestly, from the language of the quoted provision, the opening of tenant’s store premises and the conduct of business thereat on Sundays, appear to be a far cry from the intended protection afforded to the landlord under this clause. Its true thrust is plainly apparent in the multitude of eases where structural repairs or changes are required to be made to comply with changes in the law or rules laid down by government agencies.
No decision has been cited to this court, and the court has not in its own research (note, 73 Harv. L. Rev. 730; note, 12 Rutgers L. Rev. 506; 50 Am. Jur., Sundays and Holidays, p. 802 et seq.; Ann. 24 A. L. R. 2d 813 et seq.; Ann. 57 A. L. R. 2d 975 et seq.) found anywhere the carrying on of a trade on .Sunday in violation of the Sabbath laws has been held to come within the orbit of this provision.
*789 The novelty of the landlord’s claim, however, fails to give it the alleged potency asserted here; Established rules demonstrate that the landlord has no right to terminate this tenancy upon any claimed violation of this clause.
It is well settled that “ Leases, like other contracts, are to be reasonably construed according to the apparent intention of the parties” (Holden v. O’Brien, 209 App. Div. 266, 267). Hence, the issue here is to be examined in the light of the intention of the parties upon the execution of the lease. No small importance is to be given the fact that the lease in question is merely a renewal of prior leases and that the tenant’s practice of keeping its retail establishment open on Sundays has long since been known to the landlord. No objection was ever made until the present proceeding was undertaken.
The nub of the question is whether in the contemplation of the parties when the lease was made, the landlord established as proscribed the opening and conducting of business on Sundays. The tenor of the quoted lease provision hardly supports such a contention. It appears to be directed to the kind of situation referred to in the line of cases beginning with Herald Sq. Realty Co. v. Saks & Co. (215 N. Y. 427) and manifested by the facts set out in Holden v. O’Brien (209 App. Div. 266, affd. 240 N. Y. 560); Sullivan v. New York United Realty Co. (250 App. Div. 286) and Matter of Brown v. Denner (30 Misc 2d 229). These cases, in dealing with almost the identical clause, were concerned with whether or not the cost of a structural alteration brought about by a change in the law, fell upon the landlord or the tenant. In those cases, even though the technical language of the lease provision might have imposed such burden upon the tenant, the governing factor was the intention of the parties manifested not only by the lease provisions but by all the circumstances at the time the lease was executed.
The Sabbath laws are being questioned more and more with the passage of time. (McGowan v. Maryland, 366 U. S. 420; Gallagher v. Crown Kosher Market, 366 U. S. 617; Two Guys v. McGinley, 366 U. S. 582.) Legislative relaxation of their strict impact has taken place. (Penal Law, §§ 2145, 2147, 2151, 2152.) However, the sense of this lease provision can hardly be to prohibit the tenant’s use of the premises on Sundays. This is apparent because the landlord suffers no exposure, penal or civil, by reason of such conduct by the tenant. Landlord’s property rights are in no way affected or imperiled. No financial burden is imposed upon landlord by tenant’s violation of the Sabbath laws.
*790 Sunday statutes designed to ‘ ‘ point the way toward the good life ’ ’ (Chief Justice Warren, McGowan v. Maryland, supra, p. 445) are for the protection of the people who labor; they should not be twisted into a device to accomplish a purpose motivated solely by landlord’s self-interest, or to cloak with propriety a forfeiture to be suffered by the tenant.
Obviously then, the landlord’s contention here is not only technical, but strains beyond reason the sense and purpose of paragraph “ 6 ” of the lease.
The landlord refers to subdivision 5 of section 1410 of the Civil Practice Act. But this clause pertains to illegality in the nature of moral turpitude, e.g., prostitution, gambling, policy-making, and the like. No taint of undesirability of such character arises from the conduct of tenant’s retail establishment on Sundays.
Although subdivision 5 of section 1410 does not give specific definition as to what is an illegal business and when it is conducted, the terminology of the section clearly indicates that the business must be opprobrious or oppressive to the landlord’s interest. It has been suggested that an illegal business is one which “violates a law forbidding him [tenant] to conduct that particular business on those particular premises.” (Lazarowitz v. Kazan, 122 Misc. 202, 205; emphasis supplied.)
No claim is made by the landlord that the tenant’s business of maintaining a retail men’s clothing store is illegal; no claim is also made by the landlord that the particular premises are forbidden to such use.
Forfeiture of this lease is sought by the landlord on such a narrow ground that this proceeding truly presents the kind of situation which impels the doctrine that the 11 Law frowns upon forfeiture.” (3 New York Law, Landlord and Tenant, § 997.)
The landlord here does not seek injunctive relief to enjoin the claimed improper use (1 New York Law, Landlord and Tenant, § 348) but rather seeks a forcible ousting of this tenant for conduct long known and contenanced by the landlord without complaint or proof of injury. If .the landlord wished that the tenant’s practice of keeping open on Sunday be discontinued, a provision to such effect could have readily been incorporated in the renewal lease. Failing this, the landlord seeks to have this court inject such a provision to make up for his omission.
Even if this activity of the tenant were deemed a technical violation of the lease, such a violation is not that substantial as to call for a forfeiture by the tenant of its tenancy. The activity of this tenant, though perhaps improper under the Sabbath *791 laws, does not constitute that type of illegality from which the landlord was to be protected under the provisions of this lease and the provisions of subdivision 5 of section 1410.
Final order for the tenant dismissing the petition herein.