John O. Leonforte, J.
In these proceedings tried on an agreed statement of facts, it appears that landlord seeks to recover the sum of $195 for painting and repairs to the rear exterior fire escape of leased premises. Tenants are lessees of a portion of the premises under two separate but identical leases which cover a period of 10 years, beginning July 1, 1958 and ending June 31, 1968. Tenant La Bilbaína, Inc., is the lessee of the second and third floors at a rental of $350. Tenants Carlos and Eugene Suarez are the lessees of the fourth and fifth floors at a monthly rent of $50. Carlos and Eugene Suarez own all the stock of La Bilbaína, Inc., and are its sole officers.
A violation has been issued by the Fire Department of the City of New York which required the repair and painting of the exterior fire escape at the rear of the leased premises. Landlord, prior to the institution of these proceedings, demanded that tenants perform the work to cure the violations. The tenants refused to pay for such repairs and the landlord performed the work and now seeks to recover the sum of $195 expended by it to cure the violation.
The petition sets forth also a claim for rent due from said tenants. However the rent was paid by tenants and accepted by landlord without prejudice to the rights of the parties concerning the expenditure by landlord of the said sum of $195.
The sole issue to be determined is whether the landlord is entitled to recover from tenants the said sum of $195 under the terms of the leases executed between the respective parties hereto. It is stipulated that the condition which caused the violation necessitating the repairs was not caused by the direct act of the tenants but was caused by the use of the building by the tenants.
Landlord in support of its contention that tenants are liable under their leases relies upon paragraph 3 thereof which states “ That the Tenant shall promptly execute and comply with all statutes, ordinances, rules, orders, regulations and requirements of the Federal, State and City Governments and of any and all their Departments and Bureaus applicable to said premises, for the correction, prevention, and abatement of nuisances or other grievances, in, upon or connected with said premises during said term: and shall also promptly comply with and execute all rules, orders and regulations of the New York Board of Fire Underwriters for the prevention of fires at the Tenant’s own cost and expense.”
*1034 The tenants claim that paragraph 3 is not applicable and that instead paragraphs 2, 6, 11, and 25 of the leases control and show that the tenants are not liable for the said repairs.
Paragraph 2 provides that the tenant shall make all repairs to the interior of the premises, except structural repairs. Paragraph 6 provides for the entry by landlord for the purpose of examining the same or making such repairs or alterations as might be necessary for the safety and preservation thereof. Paragraph 11 provides that the landlord, at its own expense, may remove all signs of the tenant in order to paint the building or make any other repairs. Paragraph 25 provides that the rent shall be paid notwithstanding that landlord is unable to supply services or to make repairs.
It is apparent that the tenants under the leases in question are not liable to landlord for the painting and repairs of the fire escape in question. Paragraph 3 relied upon by landlord is a “ save-harmless ” clause and as was stated in the case of Sullivan v. New York United Realty Co. (250 App. Div. 286, 288) “ the purpose of the clause in the lease as quoted was to save the landlords the expense of the correction, prevention and abatement of nuisances or other grievances which might be created by the defendant during its tenancy.” In the case of Herald Sq. Realty Co. v. Saks & Co. (215 N. Y. 427, 431-432) it was held that the obvious purpose of this clause was “ to relieve the owner from burdens that would naturally and legally fall on him unless, in accordance with common usage, the tenant is specifically charged therewith. ’ ’
Clearly under the terms of the lease, it was anticipated that the landlord was obliged to make repairs other than interior repairs; otherwise there would have been no necessity for the covenants contained in paragraphs 6 and 11 giving the landlord the right to enter or to remove signs in order to make repairs.
Under the facts .and circumstances in these proceedings, the court finds that it was not the intention of the parties under the leases in question to charge tenants with liability for the repairs and painting in question. If paragraph 3 is construed to bind tenants for performances of interior repairs, the landlord could neglect to perform any repairs and await the rule, order, regulations and requirement of any Federal, State or city governmental department, bureau or agency and in that manner would be successful in holding the tenants responsible for all repair work, notwithstanding the fact that paragraph 2 limits the tenant to the performance of interior repairs.
Final judgment is directed in favor of tenants dismissing the petition of the landlord on the merits.