■ ELMER HOLGERSON et al., Respondents, v. SWAN LAKE POULTRY COMPANY, INC., Appellant.— *Per Curiam.* Appeal from an order of the Supreme Court, Chenango County, granting a motion by respondents for summary judgment and directing an immediate trial to assess damages. On September 30, 1966 the litigants entered into a contract whereby respond-

ents agreed to raise and the appellant agreed to purchase 12,000 broiler chickens. On December 23, 1966 a fire destroyed 10,000 chickens on respondents' premises. The litigation hinges on when appellant was obligated to purchase the chickens. The third paragraph of the contract provided that appellant was to purchase the chickens "on or before the broilers reach 9 weeks of age or four pounds or better." Respondents' position is that the chickens were 9 weeks old and were four pounds or better before the fire, that respondents had repeatedly notified appellant of this as early as December 2, 1966, and that appellant's failure to purchase the chickens when required by the contract constituted a breach of contract which resulted in the loss to the respondents of the 10,000 chickens. Appellant's position is that under the contract it could either purchase the chickens at nine weeks or when the chickens attained any weight over four pounds and that it was ready and willing to perform when prevented by virtue of the fire. While respondents urge that the contract is not ambiguous and presumably Special Term so found in granting summary judgment, we cannot agree. In our opinion the provision as to when purchase was to take place is sufficiently ambiguous to require a plenary trial as to the intent of the parties (10 N. Y. Jur., Contracts, § 190). We cannot agree that the contract necessarily makes time of the essence. Respondents' interpretation, which would require the chickens to be picked up at four pounds, renders the words "or better" mere surplusage, and since respondents were being paid by the pound, a greater weight would result in no loss to them. Nor would appellant's construction mean that it could delay forever in performing its obligations since a reasonable time period would necessarily be implied. Finally, we do not find that this is a situation where the doubt should be resolved as a matter of law against the appellant because it prepared the contract. Order reversed, on the law and the facts, and motion for summary judgment denied, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam*.