**MAYFAIR MERCHANDISE CO., Inc.,
Debtor-Appellee,**

v.

Cathryn WAYNE, Petitioner-Appellant.

**No. 613, Docket 33236.**

United States Court of Appeals
Second Circuit.

Argued June 5, 1969.

Decided Aug. 13, 1969.

**24**

Louis P. Rosenberg, Brooklyn, N. Y., for debtor-appellee.

Richard Ives Rudell, New York City, for petitioner-appellant.

Before WATERMAN, FRIENDLY and KAUFMAN, Circuit Judges.

WATERMAN, Circuit Judge.

Mayfair Merchandise Co., Inc., the debtor herein, in June 1968 filed a petition for arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C. §§ 701–799. By order of the Referee in Bankruptcy, it was permitted to continue, and has continued, in possession of its property and to operate and to manage its business as a "debtor in possession."

Mayfair was the lessee of a building located at 20 West 23rd Street, New York City, pursuant to a 15 year and 4 month lease which expired June 30, 1969. In July 1968 plaintiff-owner commenced a proceeding before the Referee alleging that under the aforementioned rental agreement it was the tenant's obligation to bear the costs of approximately $10,000 to comply with a 1966 order of the New York City Fire Department requiring the installation of a fire sprinkler system throughout the premises; $5,100 to satisfy a New York City Buildings Department order directing that a wooden stairway be properly enclosed; $400 to put the sidewalk in good condition; $5000 to paint the fire es-capes, the windows, the inside of the building, and to fill up cracks in the plaster; $500 to repair the skylights; $1000 to reinstall a toilet allegedly removed by the lessee; $3000 to repair the floors and other incidentals; and $2500 in architect's fees.

All of the lessor's claims were denied by the Referee, and, upon petition for review, the district court, Frankel, J., affirmed the Referee's determination relating to the sprinkler system and held that, as the other claims were undocumented, they were not effectively brought on for review. We affirm the district court.

The provisions of the lease pertinent to the issues here are as follows:

Fourth: The tenant shall take good care of the premises and shall, at the tenant's own cost and expense, make all necessary repairs, structural or otherwise, interior or exterior provided, however, that the tenant shall not be required to make any repairs whatsoever made necessary by fire or other unavoidable casualty. At the termination of this lease, the tenant will, except as herein otherwise provided, deliver the demised premises in as good condition as the same are in at the time of the execution hereof, reasonable wear and tear, and damage by fire or other casualty excepted. However, structural repairs, alterations, additions or improvements, for the purpose of this paragraph shall not include any removal or alteration of the foundation of the demised building.

"Unavoidable casualty" shall not include acts done or permitted to be done by the tenant.

Fifth: The tenant shall promptly execute and comply with all statutes, ordinances, rules, orders, regulations and requirements of the Federal, State and City government and of any and all their departments and bureaus applicable to said premises, for the correction, prevention and abatement

of nuisances, or other grievances in, upon or connected with said premises during said term; and shall also promptly comply with and execute all rules, orders and regulations of the New York Board of Fire Underwriters for the prevention of fires at the tenant's own cost and expense.

■■ An analysis of the New York case law demonstrates that a covenant to repair, such as is contained in paragraph Fourth, has been almost uniformly construed as not to include permanent, substantial or unforeseen building additions or alterations. Absent clear evidence that the parties intended the contrary, the courts have limited the scope of such covenants to ordinary repairs. See Rasch, Landlord and Tenant and Summary Proceedings §§ 562–609 (1950). Also see, e. g., Street v. Central Brewing Co., 101 App.Div. 3, 91 N.Y.S. 547 (2d Dep't 1905).

"The intention of the parties will be gathered by considering the lease as a whole; having in mind the length of the term; the rental reserved for the entire term as compared with the cost of the work to be done; whether the work was caused by the use of the premises by the tenant, by a change in governmental policy, or by a defect in the premises; the relative benefits of the work to the respective parties to the lease; and what the parties must have had in contemplation when they executed the lease." Rasch, *supra* at § 588. Applying this test to the present case, the conclusion is inescapable that a lasting, expensive improvement such as a sprinkler system, necessitated by a change in governmental policy and not by the particular use of the premises by the tenant, cf. First National Stores, Inc. v. Yellowstone Shopping Center, Inc., 21 N.Y.2d 630,

290 N.Y.S.2d 21, 237 N.E.2d 868 (1968), is beyond the contemplated purview of the covenant to make necessary repairs.

■ Nor does the landlord's quest to have the cost of the sprinkler system borne by the tenant gain substance by reason of paragraph Fifth of the lease. Paragraph Fifth is a standard clause which has consistently been construed to mean that the owner is to be saved the expense of correcting, preventing and abating nuisances or other similar grievances which might be created by the tenant during the tenancy. Rasch, *supra* at § 591; Holden v. O'Brien, 209 App.Div. 266, 204 N.Y.S. 340 (1st Dep't 1924), aff'd, 240 N.Y. 560, 148 N.E. 705 (1925); Sullivan v. N. Y. United Realty Co., 250 App.Div. 286, 293 N.Y.S. 957 (1st Dep't 1937).

■ Albeit the district court did not explicitly rule on the correctness of the Referee's disposition of the owner's other claims, all of the Referee's rulings were sound. The Buildings Department order directing that a wooden stairway be properly enclosed falls into neither the repair nor the nuisance category, and hence, essentially for the same reasons we have discussed in our treatment of the sprinkler system issue, compliance with that order is not the responsibility of the tenant. With reference to the landlord's other claims, the landlord failed to carry her burden of proof and failed to prove the physical condition of the premises at the inception of the lease and any occurrence of alleged physical changes during the term of the tenancy, reasonable wear and tear excepted. Consequently, these claims were properly denied. See, e. g., Hawkins v. George Ringler & Co., 47 App.Div. 262, 62 N.Y.S. 56 (2d Dep't 1900).

The judgment below is affirmed.