596 P.2d 1209 (1979)
The FONTIUS SHOE COMPANY, a Colorado Corporation, Plaintiff-Appellee,
v.
INDUSTRIAL WESTERN, INC., a Utah Corporation, Holland Properties Co., a partnership, and Muriel Swayze, an Individual, Defendants-Appellants.
No. 78-981.
Colorado Court of Appeals, Div. III.
March 1, 1979.
Rehearing Denied March 29, 1979.
Certiorari Denied June 25, 1979.
*1210 Wegher & Fulton, P. C., David R. DeMuro, Denver, for plaintiff-appellee.
Dietze & Davis, Peter C. Dietze, William D. Bremer, Boulder, for defendants-appellants.
STERNBERG, Judge.
The Fontius Shoe Company, tenant, occupies certain premises in the Crossroads Shopping Center in Boulder, pursuant to a 20-year lease with Industrial Western, Inc., landlord. The City of Boulder passed a Life Safety Code requiring installation of an automatic sprinkler system in various locations throughout the mall, including the premises of Fontius. The question is whether the tenant or the landlord should pay for the costs of installation of the sprinkler system. The trial court held that the landlord was responsible and entered summary judgment in favor of the tenant. We affirm.
We note at the outset that to meet the requirements of the Life Safety Code the sprinkler had to be installed in some 15 locations throughout the shopping center, regardless of the nature of the business carried on in those locations and that one was not required in another shoe store.
The lease provides:
"If structural or non-structural alterations or changes become necessary because of the application of laws or ordinances or other directions, rules or regulations of any regulatory authority having jurisdiction over the business carried on by Tenant, or because of any act or default on the part of Tenant, or because Tenant has overloaded any electrical or other facility, Tenant shall make such alterations and changes at its own cost and expense after first obtaining Landlord's written approval of plans and specifications and furnishing such indemnification against liens, costs and damages as Landlord may reasonably require." (emphasis supplied)
The landlord argues the words "over the business carried on by the Tenant" refers to the tenant's capacity as a merchant generally. The tenant contends, and the trial court so ruled, that it refers specifically to the tenant's shoe business.
Thus, if the lease requires that the tenant pay for alterations necessitated only by regulations governing it as a shoe business, and not as a merchant generally, the tenant would not be required to bear the cost. The trial court so interpreted the lease, and we agree.
The sentence containing the clause in question sets out three situations in which the tenant is to bear the costs of alterations. The latter two refer to acts on the part of the tenant, and it is reasonable to conclude that the first alternative is similarly limited to specific acts of the tenant as a shoe retailer.
Had the landlord intended that the first clause be as general as it now contends, instead of the qualified phrase it did use, it could have provided merely that "the tenant shall be liable for any changes required by any governmental entity." This suggests the parties intended a meaning different than a general phrase would have accomplished. Utilizing the rule of contract construction that effect is to be given to every provision if possible, see Hill v. Stanolind Oil & Gas Co., 119 Colo. 477, 205 P.2d 643 (1949), the trial court's interpretation does recognize this language, whereas the landlord's interpretation would render it mere surplusage.
Moreover, this interpretation comports with the general rule, that unless the *1211 lease states otherwise, where a lasting improvement is necessitated by a change in the law and not by the tenant's particular use of the premises, the tenant is not liable. See 2 M. Friedman, Friedman on Leases § 11.1 at 477 (1974); Mayfair Merchandise Co., Inc. v. Wayne, 415 F.2d 23 (2d Cir. 1969); Schwartzman v. Weiner, 319 A.2d 48 (Del.Super.1974); Herald Square Realty Co. v. Saks & Co., 215 N.Y. 427, 109 N.E. 545 (1915). Cf. First National Stores, Inc. v. Yellowstone Shopping Center, Inc., 21 N.Y.2d 630, 290 N.Y.S.2d 721, 237 N.E.2d 868 (1968).
Judgment affirmed.
SMITH and RULAND, JJ., concur.